## Patrick C. Boylan v. William A. Cameron.

### Gen. No. 12,472.

1. Contracts—*parol evidence not competent to vary.* Parol evidence is not competent to change or to vary the terms of a written instrument, and all prior negotiations are merged in the written instrument.

Boylan v. Cameron.

2. ALLEGATIONS AND PROOF—*effect of failure to correspond.* A party complainant cannot avail himself of any fact established by the evidence which is not alleged in the bill; he is not permitted to state one case in the bill and to make out a different one in the proof.

3. MASTER'S REPORT—*what does not show filing of exceptions to.* A recital contained in the decree to the effect that exceptions filed were overruled, does not supply the absence of exceptions from the record.

4. MASTER'S REPORT—*when exceptions to, essential to review, when not.* Exceptions are essential to review the report of a master, except where he correctly states the facts, but draws an incorrect legal conclusion from them.

5. MECHANIC'S LIEN—*must be brought within time fixed by statute.* A proceeding by which a mechanic's lien is sought to be enforced must be instituted within the time fixed by statute or such proceeding will fail, and this rule applies where the proceeding is by cross-bill interposed in an action brought by another party.

Foreclosure proceeding with cross-bill seeking mechanic's lien. Error to the Circuit Court of Cook County; the Hon. JOHN L. HEALY, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed May 7, 1906. Affirmed. Rehearing denied May 21, 1906.

**Statement by the Court.** November 8, 1900, the Northern Trust Company, trustee, filed three separate bills to foreclose certain trust deeds upon lots six, seven and eight, respectively, in Sidney A. Kent's subdivision, etc., in Cook county, Illinois. Shortly thereafter these cases were consolidated. Boylan, who was made a party defendant, filed his answer in the nature of an intervening petition under the mechanic's lien law December 20, 1900. In this answer Boylan charges, among other things, that June 2, 1900, he entered into a written contract with the Central Brick & Stone Co. to do the gasfitting of an apartment building then being erected on these lots for the sum of $320, payable when said work was completed; that said premises were owned by one Annie Connell, who had theretofore entered into a contract with said Central Brick & Stone Co. for the erection of said apartment building on said premises, to be completed and paid for before the end of the year 1900; that he, Boylan, completed his contract July 16, 1900, and the sum of $320 became then due him; that August 5, 1900, he served written notice of his claim upon said Con-

nell, who was then indebted to said Central Brick & Stone Co. in an amount greater than $320; that August 6, 1900, he filed in the office of the clerk of the Circuit Court a written statement of his claim; that December 18, 1900, he amended said claim by adding thereto a copy of the contract between himself and the Central Brick & Stone Co. The prayer is for a lien and an accounting, etc.

May 7, 1901, Boylan filed an amended answer and intervening petition in said consolidatd cause, seeking a mechanic's lien for the same work and amount, but declaring that the contract between him and the Central Brick & Stone Co. was " a partly written and verbal contract," and asserting that said premises were then owned by said Connell and one Eli A. Gage.

December 7, 1903, Boylan procured leave to amend this last mentioned pleading by striking out the name of Annie Connell, thus leaving the title to said premises in said Gage, and by substituting the name of Gage for that of Connell in the notice served August 4, 1900, and by striking out of the description ·of the contract between himself and the Central Brick & Stone Co. the words " partly written and," so that it shall read " a verbal contract was made and entered into," etc.

In the meantime Cameron had become the owner of the property. He was made a party in said cause, and filed his answer to Boylan's petition June 8, 1901, in which he denied everything, except that he was the owner of the premises.

The issues were made up and the cause was referred to a master to take proofs and to report his findings of fact and of law. The master took the testimony and filed his report January 23, 1903. From that report it appeared that October 11, 1901, Boylan testified, among other things, that he talked about putting the gasfittings into said building with McSorley, the president of the Central Brick & Stone Co., June 1, 1900, and that in that conversation the terms and conditions of a contract for that purpose were agreed upon between them, by which the work was to be started

June 4, 1900, and to be finished July 15, 1900; that the next day, by appointment, he went to McSorley's office, and there the following contract was entered into:

"June 2, 1900.

This agreement, made by and between P. C. Boylan, party of the first part, and Central Brick & Stone Company, party of the second part, both of the City of Chicago, County of Cook and State of Illinois; Witnesseth, That for the consideration of three hundred and twenty ($320) dollars, said party of the first part agrees to do the gas-fitting of the building 5420-28 Indiana avenue, as per plans and specifications, said second party furnishing all gas pipe, fittings and tools, and for the performance of the above-mentioned work said second party agrees to pay to said first party three hundred and twenty ($320) dollars when said work is completed. It is further agreed that said first party shall push the work so as not to delay other workmen.

P. C. Boylan."

He further testified that he completed said work July 16, 1900, and that the next day it was inspected and accepted by the gas company; that there was then due him the sum of $320, and that he gave the certificate of inspection within a week afterwards to McSorley, who said it was all right; that the roof was on the building July 17, 1900, but after that there were delays and the building was not completed until about March 1, 1901.

The evidence further shows that Gage was the owner of said premises December 12, 1899, when he entered into the contract with the Central Brick & Stone Co. for the erection of the building; that Boylan served a subcontractor's notice on Gage August 4, 1900; that Cameron became the owner of these premises by deed dated December 12, 1900; that the Central Brick & Stone Co. abandoned the building in an unfinished condition November 23, 1900; and that thereafter Cameron completed the same at his own cost. The master found that Boylan had been paid $46.50 upon his claim, and that the evidence did not show that Boylan was delayed in the bringing of his suit in consequence of the final payment not being due the contractor. The mas-

ter found in conclusion that the claim of Boylan for a lien upon said premises should be denied: * * * "Thirdly, because suit was not commenced to enforce said lien within four months after final payment was due him."

Boylan filed objections to the master's report, which were considered and overruled.

Afterwards the hearing of the case was re-opened to let in certain testimony for the Central Lumber Co., one of the defendants, and a supplemental report was filed by the master January 11, 1905, in which, as to Boylan, the findings in the original report were adhered to, except that the first reason given for finding against Boylan's claim for lien, namely, that the written contract between the Central Brick & Stone Co. and Boylan "did not stipulate the time for the completion of the work or time for payment," was eliminated. To this last report Boylan filed exceptions, which were overruled.

March 21, 1905, a decree was entered overruling the exceptions filed by Boylan to the master's report, and approving and confirming such report, and dismissing the cross-bill of said Boylan as amended for want of equity, and adjudging the costs of suit, including $32 solicitor's fees, against him. From this decree the present writ of error was sued out.

PATRICK C. BOYLAN, plaintiff in error, *per se.*

J. S. DUDLEY, for defendant in error.

MR. JUSTICE BALL delivered the opinion of the court.

We are compelled to affirm the decree of the trial court for the following reasons:

First. The allegations of the cross-bill of plaintiff in error and the proofs do not correspond. It is alleged in the cross-bill as amended December 7, 1903, that the contract on which he bases his claim for a lien, as entered into between him and the Central Brick & Stone Co., was a verbal contract. The evidence shows that the parties met June 1, 1900, and then agreed upon the terms of a contract.

The next day they met again by appointment and then entered into the written contract which is set out in the statement of facts. Verbal evidence as to what was said or agreed to before the contract was given is inadmissible to change or to vary a written agreement. Such evidence cannot be received to strike out or to add any clause to a written contract. All prior negotiations are merged in the written instrument. Marshall v. Gridley, 46 Ill. 250; Davis v. Fidelty Fire Ins. Co., 208 Ill. 382. It follows that the only competent evidence in the record of the agreement of the parties is the written instrument, and with that instrument in evidence we cannot look to the conversation they had prior to its execution, and therefore the repugnance between allegation and proof is so great as to prevent a recovery. A party complainant cannot avail himself of any fact established by the evidence which is not alleged in his bill. He is not permitted to state one case in the bill and to make out a different one in proof. Adams v. Gill, 158 Ill. 195. Further, the master struck out the evidence of Boylan as to this verbal contract when it appeared that there was a written contract. Counsel for Boylan asked the master to certify that ruling to the court, to which the master assented. We are unable to find in the record that the court was ever asked to pass upon this question, or that the evidence thus excluded was again offered. It follows that such evidence is not before us, and that the allegation that the parties entered into a verbal contract is not sustained by testimony.

Second. While the decree recites that the exceptions to the master's reports filed by Boylan are overruled, we find no exceptions in the abstract, nor do we find an order permitting the objections filed before the master to stand as exceptions to those reports, or to either of them. In the absence of such exceptions we do not know what the court overruled, and therefore must presume that the decree in that particular is correct.

"Exceptions to the report of masters are in the nature of special demurrers, and the party objecting must point

out the error; otherwise the part not excepted to will be taken as admitted." 1 Barb. Ch. Pr. (ed. 1843) 191.

Where the master overrules the objections filed to his report, it is the duty of the objecting party after such report has been filed in court to appear there and file exceptions to it; and when this course has not been pursued, and no sufficient reason is assigned for not doing so, the report of the master, when approved by the court, will be deemed in the appellate tribunal conclusive upon the questions covered by it. Jewell v. Rock River P. Co., 101 Ill. 68.

The exception to this rule is where the master correctly states the facts, but draws an incorrect legal conclusion therefrom. In such case the court, taking the facts stated by the master to be true, will hear the objecting parties upon the question of law without the filing of an exception thereto. Von Platen v. Winterbotham, 203 Ill. 202. The case at bar does not come within that exception.

Third. Plaintiff in error did not commence his suit within the time prescribed by the lien law. "The remedy by a mechanic's lien is cumulative to the ordinary remedy given by the common law, and is a privilege enjoyed by one class of the community above all other classes; and, therefore, a party seeking to enforce it must bring himself strictly within the terms of the statute. Nothing can be inferred in his favor, but the law must be strictly construed." Freeman v. Rinaker, 185 Ill. 179. Confessedly, Boylan was a subcontractor. He testified that he completed his contract July 17, 1900, and that the money therefor then became due. Section 34, chapter 82 (Act of 1895) provides: "No petition shall be filed or suit commenced to enforce the lien created by sections 22 and 23 (relating to subcontractors), unless the same is commenced within four months after the time that the final payment is shown to be due the subcontractor, * * * ; *provided*, if any delay in filing such petition or commencing suit is caused in consequence of the final payment not being due the contractor, the time of such delay shall not be reckoned." This section called upon Boylan to begin his suit within

four months from July 17, 1900, if he wished to have the benefit of the act. This privilege expired November 17, 1900. His cross-bill, in the form of an answer, was not filed until December 20, 1900. Clearly this was too late. He cannot take advantage of the *proviso*, for the reason that the master found that he was not delayed in bringing his suit for a lien on said premises in consequence of the final payment not being due the contractor; to which finding of fact he took no objection before the master and filed no exception before the chancellor. Therefore, such finding, having been approved by the trial court, is conclusive upon Boylan upon this writ of error.

The decree of the Circuit Court is affirmed.

*Affirmed.*