## George Galloy et al., v. Hannah S. Sparrow et al. T. M. Tobin Bros. Company, Appellant, v. Hannah S. Sparrow et al., Appellees.

## Gen. No. 15,899.

MECHANIC'S LIEN—*what not equivalent to filing of intervening petition by subcontractor.* The mere appearance of a party to a bill pursuant to an allegation made by the complainant that he had been informed that the party appearing claimed some interest, is not the equivalent of "filing a petition" or "commencing a suit" or filing an answer, intervening petition or cross-bill, arresting the running of the statute.

Appeal from the Circuit Court of Cook county; the HON. JULIAN W. MACK, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed November 20, 1911.

ROBBINS & WHITTLESEY, for appellant.

KRUSE & PEDEN, for appellees; JAMES G. SKINNER, of counsel.

MR PRESIDING JUSTICE BROWN delivered the opinion of the court.

The question presented by this appeal is a very simple one. The defendant, Hannah S. Sparrow, was the owner of certain premises in Chicago, and made a contract with one John A. Hartman to erect a building thereon. Hartman sublet the masonry part of the contract to one E. E. Peterson. Peterson defaulted and ran away owing material men from whom he had purchased his material. He owed T. M. Tobin Bros. Company, the appellant, $658.67 for brick, cement, lime, etc., and he owed the firm of Galloy & Van Elten (composed of George Galloy and Abram Van Elten) $233 for cut stone. The material furnished Peterson

by the "Tobin Company" and by Galloy & Van Elten
had gone into the building on Hannah S. Sparrow's
property, and on December 11, 1907, Galloy & Van
Elten began a proceeding to enforce a mechanic's lien
against that property, making Hannah S. Sparrow,
John A. Hartman, E. E. Peterson, T. M. Tobin Broth-
ers Company, W. Shomacker, W. Kingston, E. Bon-
chard, George Shortridge and Henry Mussun, the Wil-
liam E. Dee Company and the Union Foundry Works,
parties defendant.    After making the necessary alle-
gations to entitle themselves to enforce a mechanic's
lien against the property, the complainants made the
only allegation which mentions the T. M. Tobin Broth-
ers Company.    It is that "Your orators further rep-
resent that they have been informed that T. M. Tobin
Brothers Company, a corporation, William E. Dee
Company, a corporation, Union Foundry Company, a
corporation, claim some interest in said premises, but
that said interest, if any, is subject to the rights of
your orators in the premises."

There was, however, in addition a prayer for pro-
cess against, and an answer from, the T. M. Tobin
Brothers Company.    Process was issued, but does
not appear to have been served on the T. M. Tobin
Bros. Company, which, however, on December 16, 1907,
filed in the Circuit Court an appearance to the bill in
the following words:

"We hereby enter the appearance of T. M. Tobin
Bros. Company (sued as T. M. Tobin Brothers Com-
pany), defendant above named and our appearance as
their attorneys.

Robbins. & Whittlesey,
Attorneys for T. M. Tobin Bros. Company."

According to the Tobin Bros. Company's own state-
ment of their claim, made in the answer hereinafter
referred to, the final payment under its contract with
Peterson became due on September 1, 1907, and there-
fore the time (four months) in which, by the provisions

of section 33 of the Act of May 18, 1903, "To Revise the Law in Relation to Mechanics Liens," the petition or suit of a subcontractor or material man must be filed or commenced to enforce his lien, expired as to said company on January 1, 1908.

The T. M. Tobin Bros. Company, however, took no steps within the four months except to file the appearance above recited, in the cause of Galloy et al. v. Sparrow et al.

On February 3, 1908, it filed an answer in the same cause, in which it made all the allegations necessary to prove, to entitle it to a lien and to participate in the proceeds of any sale made under the petition of Galloy & Van Elten, except an allegation that it commenced its suit or filed its petition within four months of the date that the final payment came due.

The cause was referred to a master in chancery, and proof taken, and the master found that the T. M. Tobin Bros. Company was entitled to a mechanic's lien for the amount it claimed, and reported the said finding to the court, with the further statement that a motion had been made before him by the solicitors for Sparrow and Hartman to report to the court adversely to the "intervening petition" of the T. M. Tobin Bros. Company, for the reason that its petition for a mechanic's lien was not filed within four months from the time final payment was due it, which motion he had denied.

To this part of the master's report the defendants, Hannah S. Sparrow and John A. Hartman, filed objections separately, and when these objections, which, by order, stood as exceptions to the master's report, came to be argued before the chancellor, he sustained them and found in his decree that because of the failure of the T. M. Tobin Bros. Company to file its answer within four months from the 1st day of September, 1907, it was without right to a mechanic's lien on the premises involved, and dismissed "the answer of the said defendant T. M. Tobin Bros. Company in the na-

ture of an intervening petition'' for want of equity.
From this order and decree the T. M. Tobin Bros.
Company has appealed to this court and assigns as
error the action of the chancellor in this regard.

We think he was clearly right in it.

The ground on which the master appears to have
found differently, and which the appellant company
urges here in argument, is that the appearance to the
petition or bill of Galloy & Van Elten within the four
months was equivalent to filing a petition or com-
mencing a suit, or, in any event, extended the time for
it to do so.    We see no merit in this contention.

. Section 9 of the Mechanic's Lien Act, hereinbefore
described, provides that original contractors may,
within two years after the completion of the contract,.
file a bill to enforce a lien, either jointly or separately,
and may contest each other's rights .if one or more of
them make other claimants defendants, or other claim-
ants make, as they may, themselves defendant ''by an-
swer to the bill or petition in the nature of an inter-
vening petition'' which ''shall be taken as a cross bill
against all the parties to said suit.''    A further pro-
vision is that ''such suit shall be commenced or an-
swer filed within two years after the completion of the
contract.''

Section 28 of the same Act provides that a subcon-
tractor, such as the appellant, ''may file his petition
and enforce his lien as hereinbefore provided for the
contractor in sections 9 to 20, inclusive, of this Act,
except as to the time within which suit shall be
brought.''    And section 33, as before indicated, makes
that time ''four months after the time that the final
payment is due the subcontractor.''

We do not see how there can be any reasonable ques-
tion as to the effect of these three sections taken to-
gether.    The mere appearance by the defendant on
December 17, 1907, to a bill which made it defendant,
under an allegation that the complainant had been

informed that it claimed some interest in the premises, was not "filing a petition" or "commencing a suit" or filing an answer, intervening petition or cross bill. It saved no rights for the T. M. Tobin Company as a lien claimant.

If authority be needed for what seems to us so plain a proposition, the language of this court in the opinion in Boylan v. Cameron, 126 Ill. App. 432, would furnish it, although in that case the appearance was not filed, as it was in this, within the four months allowed for the beginning of suit or filing answer.

In Davis v. Arthur, 170 Mass. 449, the identical question was raised under a very similar statute, and decided in accordance with the views we have here expressed.   The Supreme Judicial Court of Massachusetts said in that case, as we may say here:

"The filing of an appearance by the intervening petitioners after notice served upon them was not commencing a suit to enforce their lien within the meaning of the statute.   The appearance filed by counsel contains no statement of a claim of a purpose to enforce or attempt to enforce a lien."

The decree of the Circuit Court is affirmed.

*Affirmed.*