**John Gilbert, Appellant, v. L. D. Croshaw et al., Defendants, George Green Lumber Company and Henry Enos, Appellees.**

**Gen. No. 17,989.**

1. Mechanics' liens—*objections to master's report*. In a suit under the Mechanic's Lien Law an order disposing of complainants' objections to the master's report is not necessary.

2. Mechanics' liens—*cross-bill*. Under the Mechanic's Lien Act, §9, affirmative relief may be obtained upon an answer, and a cross-bill is not necessary.

3. Mechanics' liens—*stipulations*. It cannot be urged that no notice of a mechanic's lien was served as provided by the act where it appears that a stipulation was entered into to the effect that such notice was given.

4. Mechanics' liens—*sworn statements*. An owner of premises upon which a mechanic's lien is claimed cannot contend that one who furnished material is not entitled to a lien because no sworn statement was sent upon request as required by the Mechanic's Lien Act, §22, since such section relates to material furnished to a subcontractor and not that furnished to the original contractor, and Act of 1905, §5, provides that "merchants and dealers in material only shall not be required to make statements herein provided for."

5. Mechanics' liens—*excess of contract price*. An owner who has paid a contractor without requiring a statement as to the amounts due for labor and material cannot complain that in lien proceedings he is compelled to pay more than the contract price.

Appeal from the Circuit Court of Cook county; the Hon. John Gibbons, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed March 4, 1913.

George J. Gilbert, for appellant.

Adams, Bobb & Adams, for appellee.

Mr. Presiding Justice Clark delivered the opinion of the court.

The appellant (complainant) brought suit in the Circuit Court apparently under section 30 of the mechanic's lien law, which provides for the bringing of a suit

by the owner (or any person having a lien under sections 21 and 22) in the nature of a bill of interpleader, for a general settlement of the liens. The section provides that the premises may be sold as in other cases under the act, and that the parties to the suit shall prosecute the same under like requirements as are directed in section 11 of the act. The appellee, the George Green Lumber Company filed its answer. Such proceedings were had that a decree of sale was entered, and from this decree the appellant, who is the owner, has prosecuted this appeal.

The first point urged as ground for reversal is that no order was entered disposing of the exceptions of the appellant to the master's report. This was not necessary. (Thomas v. Coultas, 76 Ill. 493; Anderson v. Henderson, 124 Ill. 164.)

It is next urged that no affirmative relief could be granted in the absence of a cross-bill. Under section 9 of the mechanic's lien act affirmative relief may be obtained upon an answer, and a cross-bill is not necessary, if not improper. (Thielman v. Carr, 75 Ill. 385.)

The third point raised is the alleged fact that notice of the mechanic's lien was not served as provided by the statute. The record shows that a stipulation was entered into to the effect that such a notice was given.

It is next objected that Henry Enos, one of the defendants to the bill, who made a claim as a material man, did not give notice of his lien within the sixty days provided by the statute. The master held differently, and in the decree it is recited that he did cause notice of the mechanic's lien to be served on the appellant within sixty days as required by the statute, and that within four months after the last work was done caused his answer and intervening petition to be filed in the cause. After careful examination of the record we think the report of the master and the decree of the court in this respect are supported by the evidence.

It is next contended that the appellee the George

Green Lumber Company is not entitled to its lien because it did not send a sworn statement to the appellant in accordance with his request, which it is asserted it was its duty to do, under section 22 of the act. Section 22 of the act relates to material furnished to a subcontractor, and not material furnished to the principal contractor. By section 5 of the act of 1905 it is provided that "merchants and dealers in material only shall not be required to make statements herein provided for." We think the point raised is not well taken.

It is next asserted that certain payments made should have been applied upon the claim which has now ripened into an established lien against the property by virtue of the decree. We think the evidence justifies the decree in respect to the fact that the amount found due is exclusive of the amounts so paid by the appellant.

Section 5 of the act provides that "it shall be the duty of the contractor to give the owner, and the duty of the owner to require of the contractor, before the owner or his agent, architect or superintendent, shall pay or cause to be paid to said contractor or to his order any moneys or other consideration, due or to become due such contractor, or make or cause to be made to such contractor any advancement of any moneys or any other consideration, a statement in writing, under oath or verified by affidavit, of the names of all parties furnishing materials and labor, and of the amounts due or to become due each. Merchants and dealers in materials only shall not be required to make statements herein provided for." We do not find that any such notice was required by the owner to be made by the contractor in pursuance of the provisions of this section. In the case of Butler v. Gain, 128 Ill. 23, it was held that a payment of the original contractor is in violation of the interests and rights of the subcontractor or person furnishing materials, when the owner has notice of such person's rights, either under section

30, or from the sworn statement of the original contractor provided by section 35.    If appellant is required to pay more than the original contract price it will be because he has not complied with the provisions of the statute referred to.

We have carefully considered all the evidence in the record, and are unable to say that the decree is erroneous.   It will therefore be affirmed.

_Affirmed._