J. C. Muehlfelt, Harold J. Muehlfelt, Dean Muehlfelt, and Ronald Muehlfelt, d/b/a J. C. Muehlfelt and Sons, Plaintiffs, v. Lydia Vlcek, a/k/a Lydia Petrauskas, Charlotte A. Petrauskas, Adeline A. Kimbark, Frank J. Vlcek, Northwestern Mutual Insurance Company, and Bales Lumber and Supply, Inc., Defendants.

J. C. Muehlfelt, Harold J. Muehlfelt, Dean Muehlfelt, and Ronald Muehlfelt, d/b/a J. C. Muehfelt and Sons, Plaintiffs-Appellants, v. Northwestern Mutual Insurance Company, Defendant-Appellee.

Gen. No. 68–184.

Second District.

July 31, 1969.

Vescelus, Leetz, Perry & Pollard, and Ronald J. Ciancio, of Wheaton, for appellants.

Clausen, Hirsh, Miller & Gorman, of Chicago for appellee.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

On May 29, 1964, the plaintiffs entered into an oral contract with Frank J. Vlcek and Lydia Vlcek whereby they agreed to furnish the necessary labor and material to move a house onto property owned by the Vlceks in DuPage County. The plaintiffs completed the work to be performed by them on October 19, 1964, and submitted their bill for $6,000, the agreed consideration. When no payment was received, the plaintiffs filed their contractor's claim for a lien on the property with the Recorder of Deeds of DuPage County on December 30, 1964. On May 23, 1966, suit was brought to foreclose the lien with Lydia Vlcek, Frank Vlcek, Charlotte Petrauskas and Adeline Kimbark named as defendants.

Prior to these events, Adeline Kimbark, Charlotte Petrauskas, and Lydia Vlcek (then known as Lydia

Petrauskas) had, on November 22, 1957, mortgaged the property, including a residence then located on it, to First Federal Savings and Loan Association of Berwyn to secure a loan obtained from them. On May 6, 1964, a fire destroyed the residence. Northwestern Mutual Insurance Company had insured the property against loss by fire but because of a dispute as to its cause, denied liability to the owners. Northwestern did, however, pay the existing balance on the obligation to First Federal and received an assignment of the mortgage on December 31, 1964. Both the mortgage and assignment were recorded before the foreclosure was instituted.

On November 20, 1967, default orders were entered against the Vlceks, Adeline Kimbark and Charlotte Petrauskas for their failure to either answer or appear to the summons served on them. The plaintiffs then, on December 4, 1967, presented a motion, apparently granted instanter, for leave to add Northwestern as an additional party defendant and to amend their complaint to include an allegation that the lien of the mortgage was subject and inferior to their mechanic's lien. Northwestern answered the amended complaint, denied that the mortgage was an inferior lien, and raised as an affirmative defense the failure of the plaintiffs to commence suit against them within two years of the completion of their contract as required by the Mechanics' Lien Act.

On July 15, 1968, Northwestern presented a motion for summary judgment pursuant to section 57 of the Civil Practice Act (Ill Rev Stats 1967, c 110, § 57) based on the same grounds alleged in their affirmative defense. On October 1, 1968, the trial court entered an "Order and Decree" that found that the plaintiffs had failed to bring suit against Northwestern within the two-year limit and as a consequence their lien was "postponed" to the mortgage and granted the motion for

summary judgment. The decree further found that there was still due and owing Northwestern the sum of $7,491.64 for the unpaid principal on the original obligation paid by them and taxes and that Northwestern had a first mortgage lien against the premises in that amount to be paid first from the proceeds of any sale.

Section 9 of chapter 82 of the Mechanics' Lien Act (Ill Rev Stats 1967, c 82, § 9) provides in part as follows:

> "If payment shall not be made to the contractor having a lien by virtue of this act of any amount due when the same becomes due, then such contractor may bring suit to enforce his lien by complaint or petition in any court of competent jurisdiction in the county where the improvement is located . . . . Such suit shall be commenced . . . within two years after the completion of the contract. . . ."

■ ■ It is well known that the rights afforded by the Mechanics' Lien Act are in derogation of the common law and must be strictly construed. D. D. Kennedy, Inc. v. Lake Petersburg Ass'n, 54 Ill App2d 85, 101, 203 NE2d 145; Roth v. Lehman, 1 Ill App2d 94, 97, 116 NE2d 413. The provision that suit must be brought within two years of the completion of the contract is not just a limitation on the remedy afforded in the Act but is a condition to the right itself. North Side Sash & Door Co. v. Hecht, 295 Ill 515, 520, 129 NE 273; Anderson v. Gousset, 60 Ill App2d 309, 313, 208 NE2d 37. It is necessary to file suit within the time provided to invoke the jurisdiction of the court. If a contractor does not file his suit within the two years, he has not availed himself of the special rights conferred by the legislature and he has, in effect, no right to a lien.

The plaintiffs do not quarrel with this proposition of law but contend that once the suit is filed the jurisdiction of the court has been invoked and the matter should then proceed in accordance with the provisions of the Civil Practice Act including the liberal provisions for the joinder of parties and amendment to pleadings. (Ill Rev Stats 1967, c 110, §§ 26 and 46(1).)

Section 26 of the Civil Practice Act provides that new parties may be added to a cause at any stage of the proceeding in the interests of justice and section 46(1) provides that amendments may be allowed at any time before final judgment. Since their suit was filed within two years after the completion of the contract, the plaintiffs argue that the trial court should have permitted the joinder of Northwestern as a party defendant.

Heretofore, it has been consistently held in Illinois that suit has not been "commenced" against other lienholders in a mechanic's lien foreclosure until such time as they are made party defendants. Dunphy v. Riddle, 86 Ill 22, 26; Clark v. Manning, 95 Ill 580, 582; Love, Illinois Mechanics' Liens, 2nd ed, § 80, p 228; Illinois Law and Practice, Vol 26, Mechanics' Liens, § 160. If the mechanic's lien claimant has failed to make the lienholder a party defendant before the expiration of the time limit, that defense is available to the lienholder notwithstanding that the suit has been filed against the owners within two years of the completion of the contract.

Some confusion on this point has been created by the cases of Nupnau v. Hink, 53 Ill App2d 81, 203 NE2d 63, reversed in 33 Ill2d 285, 211 NE2d 379, and Anderson v. Gousett, 60 Ill App2d 309, 208 NE2d 37. In the Nupnau case, suit was brought to contest a will by the beneficiaries under a prior will. Section 90 of the Probate Act (Ill Rev Stats 1961, c 3, § 90) provided that such suit must be filed within 9 months after the will

has been admitted to probate and section 91 (Ill Rev Stats 1961, c 3, § 91) states that the executor and "all heirs, legatees and devisees of the testator shall be made parties to the suit." The suit had been filed within the time prescribed but six heirs of the testator were not made defendants and the trial court dismissed the complaint on that basis. On appeal, the plaintiffs argued that since they had filed suit within the alloted time that they should have been permitted to add the other heirs as party defendants by amendment after the expiration of the nine months and relied on the case of Krunfus v. Winkelhake, 44 Ill App2d 124, 194 NE2d 24, to the effect that a stringent enforcement of section 90 would conflict with the provisions of sections 46 and 26 of the Civil Practice Act. The Appellate Court stated that the time provision in section 90 was more than a statute of limitations but "a condition precedent to liability which must be complied with if the jurisdictional grant of the statutes is to be invoked. This characteristic emerges from the fact that the cause of action is a creature of the legislature and not a codification of a common-law right." The court then ruled that the trial court had no right to permit the addition of necessary parties after the expiration of the time limitations under either sections 26 or 46(1) of the Civil Practice Act despite the ruling of the Krunfus case.

In the Anderson case, suit was brought under the Mechanics' Lien Act to foreclose a claim within two years of the completion of the contract but failed to name the wife of the owner of the property as a party defendant. The trial court refused to permit the joinder of the spouse after the expiration of the time limitation and dismissed the complaint. The Appellate Court affirmed the trial court and held that the conclusions of the Nupnau case were ". . . applicable equally to mechanics' lien cases . . ." and that neither sections 26 or 46 of the Civil Practice Act could permit the addi-

tion of party defendants to a mechanic's lien foreclosure after the expiration of two years except under the conditions enumerated in section 46(4).

Section 46(4) provides that a cause of action will not be barred by lapse of time as limited by statute under certain circumstances if all of the conditions specified in that section exist including the condition that the party was served by summons within the permitted time but in the wrong capacity. This section was recently added to change the rule enumerated in Fitzpatrick v. Pitcairn, 371 Ill 203, 20 NE2d 280.

Our present problem appeared when the Supreme Court reversed in Nupnau v. Hink, 33 Ill2d 285, 211 NE2d 379. In its opinion, the Supreme Court held that the jurisdiction of the court had been properly invoked when the complaint was filed within 9 months as required by section 90 of the Probate Act and that the failure to make all necessary persons party to the suit within the time period was not fatal since the proceeding did not seek ". . . to secure a personal judgment against individual defendants but simply to set aside a will. . . ." A dissent was filed that pointed out that the cases cited as authority in the majority opinion involved situations contemplated by section 46(4).

In Nupnau, the omitted heirs of the testator had nothing to lose by the plaintiffs' efforts to set aside the will. Therefore, the failure to name them as party defendants within the nine months had no practical effect on their interest. In a mechanic's lien foreclosure, the claimant seeks to subordinate the interest of all other lienholders properly brought before the court to the interest of his lien.

█ We do not feel that the ruling of the Supreme Court in Nupnau would justify a modification of what has been long settled in the law of mechanics' liens. The cases are clear that a mechanic's lien foreclosure is not "commenced" against other lienholders until

such time as they are made parties to the action except in those situations covered by section 46(4) of the Civil Practice Act.

Accordingly, we agree with that portion of the order of the trial court that held that the plaintiffs were not entitled to subordinate the interests of Northwestern to their lien. However, the order further found that Northwestern had a first mortgage lien that was to be satisfied from any sale of the premises. As we have seen, the owners of the property had been defaulted before the plaintiffs sought to join Northwestern as a party defendant. There is nothing in the record to indicate that the owners received any notice of the subsequent proceedings or copies of the pleadings nor do the pleadings themselves contain a prayer for the relief included in the decree. Since the owners were entitled to notice under Supreme Court Rule 105 (Ill Rev Stats 1967, c 110A, § 105) we do not feel that the portion of the decree that found that Northwestern had a valid first mortgage on the premises was correct.

Therefore, in accordance with the opinion herein expressed the decree of the trial court will be affirmed in part and reversed in part.

Affirmed in part, reversed in part.

MORAN, P. J. and SEIDENFELD, J., concur.