Rochelle Bldg. Co., Inc., Plaintiff, v. Oak Park Trust & Savings Bank, Vincent DiVito, Lawn Savings and Loan Association, et al., Defendants, and Lawn Savings and Loan Association, Counterplaintiff-Appellee, v. Dee Bros. Builders Supply Co., Vincent DiVito, et al., Counterclaimant, Counterdefendant-Appellant.

Gen. No. 54,270.

First District, Third Division.

March 5, 1970.

George Brode, of Chicago, for appellant.

Pope, Ballard, Kennedy, Shepard & Fowle, of Chicago, for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

This is an appeal by Vincent DiVito from the dismissal of a counterclaim filed by him in the above captioned case.

DiVito, a subcontractor, was not paid for the labor and the material he furnished in the construction of an apart-

ment building. His work was completed in March 1965 and in May of the same year he filed a claim for $1,336.-84 with the Recorder of Deeds of Cook County. He did nothing further to collect his debt until he was served by publication in the present suit—a foreclosure suit involving the same apartment building.

In December 1965, the plaintiff Rochelle Building Company, another subcontractor whose work had been finished in May 1965, and whose bill for $24,793.94 had not been paid, filed a complaint for the foreclosure of its mechanic's lien. Rochelle named as defendants some twenty parties who had or claimed to have an interest in the premises—among them DiVito. On April 18, 1967, DiVito answered the complaint and filed a counterclaim which made all the other parties defendants. In the counterclaim DiVito alleged that he had entered into a contract to work on the property and had furnished services and material for which he had not been paid. He further alleged that his work under the contract was completed on March 13, 1965.

In March 1969 the receiver for Lawn Savings and Loan Association, which had entered the case as the assignee of the beneficial interest in the land trust, filed a motion to dismiss DiVito's counterclaim on the ground that it was not filed within two years following the completion of his work, as required by section 9 of the Mechanics' Lien Act. The court sustained the motion and dismissed the counterclaim.

Section 9 provides in pertinent part as follows:

"if payment shall not be made to the contractor having a lien by virtue of this act of any amount due when the same becomes due, then such contractor may bring suit to enforce his lien by complaint or petition. . . . Any two or more persons having liens on the same property may join in bringing such suit, setting forth their respective rights in

their complaint or petition; all lien claimants not made parties thereto may upon application become defendants and enforce their liens by answer to the complaint or petition in the nature of an intervening petition, and the same shall be taken as a counter-claim against all the parties to such suit. . . . *Such suit shall be commenced or answer filed within two years after the completion of the contract. . . ."* Ill Rev Stats 1965, c 82, § 9.

 In a mechanic's lien foreclosure suit all lien claimants must join as plaintiffs or be joined as de-fendants so that the trial court can adjust all equities and render a decree properly distributing the proceeds of the sale. Ill Rev Stats 1965, c 82, par 11; Leffers v. Hayes, 327 Ill App 440, 64 NE2d 768 (1945). The suit must be filed within two years after completion of the contract. A lien claimant who is made a defendant may obtain affirmative relief by filing an answer, but since his answer stands as a counterclaim and is the pleading by which he seeks to enforce his lien, it also must be filed within the statutory period of two years. The time limitation applies to subcontractors as well as to con-tractors, be they plaintiffs or defendants. Chapter 82, paragraph 28. The provision that suit must be brought within two years after the completion of the contract is a condition to the relief made available by the Mechan-ics' Lien Act. Anderson v. Gousett, 60 Ill App2d 309, 208 NE2d 37 (1965). The rights afforded by the Act are in derogation of the common law and must be strictly construed. North Side Sash and Door Co. v. Hecht, 295 Ill 515, 129 NE 273 (1920). If a contractor or subcontractor does not file his suit within the two years, he has not availed himself of the special rights conferred by the legislature and he has, in effect, no right to a lien. Muehl-felt v. Vlcek, 112 Ill App2d 190, 250 NE2d 14 (1969).

DiVito argues that the two-year limitation in section 9 applies only to plaintiffs and to those claimants not named as defendants in the complaint. He points out that he was named as a defendant in Rochelle's complaint and also in the counterclaim which was filed by Lawn Savings and Loan Association when it entered the case. He further argues that the limitation applies to the date a suit is commenced against a defendant, who then becomes a party to the foreclosure proceedings, and not to the date the defendant files his answer or counterclaim. In support of this argument he cites Alexander Lumber Co. v. Kellerman, 358 Ill 207, 192 NE 913 (1934). That case, however, involved a different question. In Alexander suit was filed within the two-year statutory period, but service was not had upon certain defendants until after this time. The court held that filing suit within the two-year period fulfilled the requirements of the statute, and that it was not necessary within this time to acquire jurisdiction of the defendants.

The defendant's arguments were resolved in Galloy v. Sparrow, 166 Ill App 197 (1911). In that case Tobin Brothers Company, a subcontractor, was named as a party defendant in a suit to enforce another subcontractor's lien. It filed an appearance within four months after final payment was due under its contract, but filed an answer asserting its right to a lien after this period. The Mechanics' Lien Act then was substantially identical to the present day statute, with the exception that subcontractors were required to file a suit to enforce their lien within four months after final payment was due, rather than within two years after completion of the contract. The Tobin Company urged that the filing of its appearance in the subcontractor's suit was equivalent to filing its own suit under the statute. The reviewing court rejected this argument and held that since the subcontractor, Tobin, had not commenced a suit or filed an

answer or crossbill within the statutory period, it had forfeited its rights as a lien claimant.

■ In the present case DiVito also failed to take proper steps to assert his rights within the statutory period. He failed to file his own suit or an answer or counterclaim in Rochelle's suit until more than two years after completion of his contract. By inaction he lost the right to a mechanic's lien, and his counterclaim was properly dismissed.

Judgment affirmed.

SCHWARTZ and McNAMARA, JJ., concur.