THE PEOPLE *ex rel.* F. W. Matthiessen *et al.* Appellants, *vs.* C. B. LIHME, Appellee.—THE PEOPLE *ex rel.* F. W. Matthiessen *et al.* Appellants, *vs.* C. DIESTERWEG, Appellee.

*Opinion filed October 27, 1915.*

This case is controlled by the decision in the case of *People* v. *Lihme,* (*ante,* p. 351.)

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. JOE A. DAVIS, Judge, presiding.

GEORGE WILEY, State's Attorney, WILLIAM J. CALHOUN, and M. F. GALLAGHER, (EARL B. WILKINSON, of counsel,) for appellants,

MONTGOMERY, HART, SMITH & STEERE, (CHARLES S. CUTTING, LOUIS E. HART, and NORMAN H. PRITCHARD, of counsel,) for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

The question in these two cases is the same as the question in the case of *People* v. *Lihme, (ante,* p. 351.)

The LaSalle and Bureau County Railroad Company was organized under the general Incorporation law for railroad companies in this State.   Since its organization its stock, like that of the Matthiessen & Hegeler Zinc Company stock, has been equally divided between Edward C. Hegeler and members of his family and F. W. Matthiessen and members of his family, except four shares issued to other persons by agreement of Hegeler and Matthiessen.   At the time of his death Edward C. Hegeler owned 248 shares of stock.   He provided in his will for the same disposition of the stock in the railroad company as in the zinc company, all being held in trust under identically the same provisions. C. B. Lihme and C. Diesterweg were elected directors of the railroad company, each being the owner of a share of the Hegeler stock assigned to them, respectively, for the purpose of qualifying them as directors of the railroad company.   These cases are informations in the nature of *quo warranto* filed against them, respectively, in which judgments of ouster were rendered by the circuit court.   The judgments were reversed in the Appellate Court and final judgments were rendered there.   Certificates of importance were granted and appeals allowed to this court.

Following the decision of *People* v. *Lihme, supra,* the judgments of the Appellate Court will be affirmed.

*Judgments affirmed.*