(Nos. 28984, 28985.—

JAMES WILSON WINGER *et al.,* Appellees, *vs.* CHICAGO CITY BANK AND TRUST COMPANY *et.al.*—(GEORGE B. PILLS-BURY, Admr., *et al.,* Appellants.)

*Announcement made March 19, 1946.*

Per CURIAM: This cause was submitted at the November Term, 1945. At the present term a motion has been presented in which all of the named parties to the record have joined. The Director of Insurance has filed a motion for leave to intervene as *amicus curiae.*

The first motion is based on a stipulation signed by the respective attorneys appearing in the case. The stipulation is signed on behalf of the plaintiffs by the attorneys who filed the suit on behalf of the named plaintiffs. By the motion the court is asked to remand the cause "to the Circuit Court of Cook County for final disposition as the said court deems fair, just and equitable to all parties."

The allowance of this motion would necessarily operate to vacate the decree from which the appeal was taken. The suit was brought by a small number of named plaintiffs for themselves and for and on behalf and for the use and benefit of all persons similarly situated and interested in the subject matter of the suit. Thereafter a small group of other individuals obtained leave to intervene. The record shows that more than seventy thousand other persons have interests in the subject matter of the suit similar to those of the named plaintiffs and intervenors. Such other parties are only vicariously represented by the named plaintiffs.

The motion now presented raises the issue of the authority of the named plaintiffs and the intervenors to enter into a stipulation which will operate to vacate the decree and to remand the cause according to the stipulation. The rule is that in a representative or class suit the named plaintiffs have the right to manage and control the suit and may dismiss the action at any time before a judgment or decree is entered. After a judgment or decree is entered in which all members of the class are adjudged or decreed to have some interest in the subject matter of the suit, the judgment or decree may not be voluntarily vacated or the suit dismissed by the named plaintiffs, but only on the motion and with the consent of all parties having an interest in the judgment or decree. After such judgment or decree is entered, the named plaintiffs cannot agree or stipulate for the members of the class for whose use and benefit the judgment or decree was entered and who are vicariously

represented by the named plaintiffs in the suit. *Karn* v. *Rover Iron Co.*, 86 Va. 754, 11 S. E. 431; *Catron* v. *Bostic*, 123 Va. 375, 96 S. E. 845; *Lee* v. *City of Casey*, 269 Ill. 602; *Hanchett* v. *Ives*, 133 Ill. 332. See also annotations, 8 A.L.R. p. 954, and 91 A.L.R. p. 594.

The motion is denied.

This makes it unnecessary to pass on the motion of the Director of Insurance for leave to appear in the cause as *amicus curiae*.

*Motion denied.*

Mr. Justice Murphy took no part in the consideration of this motion.