SHRINERS HOSPITALS FOR CRIPPLED CHILDREN, Petitioner-Appellee, *v.* FIRST NATIONAL BANK OF DECATUR *et al.*, Respondent-Appellee.— (ILLINOIS MASONIC HOME, Respondent-Appellant.)

Fifth District    No. 81-11

Opinion filed October 21, 1981.

Charles R. Young and Charles C. Hall, both of Young, Welsch, Young and Hall, of Danville, for appellant.

John P. Ewart, Richard F. Record, Jr., and Millard S. Everhart, all of Craig & Craig, of Mattoon, for appellee Shriners Hospitals for Crippled Children.

Stephen J. Allison, of Gollings, Allison and Gollings, of Moweaqua, for appellees Glenn Giles and Eleanor Giles.

Robert D. Winters, of Armstrong, Winters, Prince, Featherstun & Johnson, of Decatur, for appellee First National Bank of Decatur.

Mr. JUSTICE JONES delivered the opinion of the court:
Respondent, Illinois Masonic Home (Masonic Home), appeals from orders entered by the circuit court of Shelby County which (1) allowed petitioner, Shriners Hospitals for Crippled Children (Shriners), to have its will contest petition dismissed with prejudice and (2) denied Masonic Home's motion to amend its answer to Shriners' petition by filing a counterclaim to contest the will of the late Jessie C. Burkitt.

It is undisputed that Jessie C. Burkitt, a resident of Shelby County, Illinois, died on April 13, 1979, leaving no known blood relatives. On June

12, 1979, the circuit court admitted to probate a purported last will and testament dated June 5, 1978. The beneficiaries under the will included Mrs. Burkitt's sister-in-law, several friends and several charitable organizations, including Masonic Home. On September 14, 1979, Shriners filed a three-count complaint which contested the June 5, 1978, document and referred to an earlier will, under which both it and Masonic Home were listed as beneficiaries. Count I of the complaint alleged that decedent's attorney-in-fact, Glenn Giles, had taken advantage of his fiduciary relationship and deprived decedent of her free agency. Count II alleged that Giles had exercised undue influence. Count III alleged that decedent was of unsound mind and incapable of making a will on June 5, 1978.

On March 14, 1980, Masonic Home filed its answer to Shriners' will contest petition. In substance the answer filed by Masonic Home stated that it had insufficient knowledge to form a belief as to the truth or falsity of any of the allegations made by Shriners and prayed that Shriners be required to make strict proof of its allegations. On November 26, 1980, Shriners moved to have its petition to contest the will dismissed with prejudice. Masonic Home opposed that motion and on December 11, 1980, Masonic Home sought leave to amend its answer by adding a three-count counterclaim contesting Jessie C. Burkitt's purported will of June 5, 1978. The proposed counterclaim was virtually identical to the Shriners' petition which Shriners sought to have dismissed with prejudice. The circuit court denied Masonic Home leave to amend its answer by adding the counterclaim and allowed Shriners' motion to have its own petition dismissed with prejudice. Masonic Home appeals those rulings.

Masonic Home contends that its attempt to change its position and to become a contestant of the will admitted to probate is subject to the liberal pleading rules of the Civil Practice Act. Under section 38(2) of that Act (Ill. Rev. Stat. 1979, ch. 110, par. 38(2)), a "counterclaim shall be part of the answer," and section 46 of that Act (Ill. Rev. Stat. 1979, ch. 110, par. 46) would allow for liberal amending of the answer. Section 46, subsections 1 and 2, states:

"(1) At any time before final judgment amendments may be allowed on just and reasonable terms, introducing any party who ought to have been joined as plaintiff or defendant, discontinuing as to any plaintiff or defendant, changing the cause of action or defense or adding new causes of action or defenses, and in any matter, either of form or substance, in any process, pleading, bill of particulars or proceedings, which may enable the plaintiff to sustain the claim for which it was intended to be brought or the defendant to make a defense or assert a cross demand.

(2) The cause of action, cross demand or defense set up in any amended pleading shall not be barred by lapse of time under any

statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted, or the defense or cross demand interposed in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery or defense asserted, if the condition precedent has in fact been performed, and for the purpose of preserving as aforesaid the cause of action, cross demand or defense set up in the amended pleading, and for that purpose only, an amendment to any pleading shall be held to relate back to the date of the filing of the original pleading so amended."

The appellees contend that the liberalized pleading standards of the Civil Practice Act are inapplicable to the controversy here in view of the substantive law of will contests. They point to section 8—1 of the Probate Act (Ill. Rev. Stat. 1977, ch. 110½, par. 8—1), which at the time pertinent here provided:

"Within 6 months after the admission to probate of a domestic or foreign will in any court of this State, any interested person may file a petition * * * to contest the validity of the will."

According to their theory, the substantive law of Illinois requires that any interested person wishing to attack the validity of a will must do so within 6 months of its admission to probate. They contend that the 6-month requirement is absolute regardless of whether the validity is challenged by way of a petition to contest the will or whether the will is challenged, as here, by way of a counterclaim. The question before us thus becomes whether Masonic Home was required to plead its claim of invalidity within 6 months in order to vest the court with jurisdiction or whether jurisdiction over the issue of invalidity had attached for all purposes as soon as any contestant had claimed invalidity within the 6-month period.

Masonic Home's contention, that jurisdiction attached for all purposes once Shriners had filed its petition, is based primarily on the cases of *Nupnau v. Hink* (1965), 33 Ill. 2d 285, 211 N.E.2d 379, and *Watt v. Farmers State Bank* (1979), 71 Ill. App. 3d 455, 389 N.E.2d 947. In *Nupnau* plaintiffs filed their will contest within the statutory period but failed to include all necessary parties within that time. After expiration of the statutory period, plaintiffs sought leave to add the omitted parties by amendment, and defendants moved to dismiss for lack of jurisdiction. The trial court dismissed the case, and the appellate court affirmed. The supreme

court reversed, citing its earlier language in a case predating the Probate Act:

> " 'While the statute authorizing the contest of a will in chancery is not properly a limitation law but is a statute conferring jurisdiction, it goes further than merely conferring jurisdiction and prescribes the time within which the jurisdiction conferred must be invoked. If the jurisdiction conferred is invoked by filing the bill within the time limited the bill must be entertained, and the failure to make a necessary party a defendant to the bill within [the statutory period] * * * is not a failure to invoke the jurisdiction * * *.' " 33 Ill. 2d 285, 287, 211 N.E.2d 379, 380, citing *Stephens v. Collinson* (1911), 249 Ill. 225, 236, 94 N.E. 664, 668.

In *Watt* plaintiffs also filed their will contest within the statutory period, but their petition failed to refer to a codicil to that will within that period. After expiration of the statutory period, plaintiffs sought to amend their petition to attack the validity of both the will and the later-drawn codicil which reaffirmed the will in every respect except for the naming of the executor. The trial court dismissed the cause with prejudice, holding that the codicil had republished the will and, in effect, cured any undue influence associated with the original will. Since the codicil itself had not been attacked within the statutory period, the trial court ruled there was not a timely challenge. The appellate court reversed, holding that a will and its codicil are part of the same "transaction" within the meaning of section 46(2) of the Civil Practice Act and that plaintiff's proposed amendment should have been allowed by a liberal interpretation.

A broad reading of *Nupnau* and *Watt* might suggest that section 46 of the Civil Practice Act is controlling once a will contest has been timely filed by any party. However, it is important to note that in neither of those cases, nor in any other case cited by those courts, was a party seeking to change its position from that of a party supporting the will to that of a party attacking the will. Such a realignment would have the effect of allowing one party to take advantage of another party's timely actions, even though each party originally had its own cause of action to contest the will and one party chose not to do so within the required time.

In essence, this is what has happened. Masonic Home had a cause of action for the contest of the decedent's purported will for the 6-month statutory period. It chose not to assert that cause of action. In like manner, Shriners also had a cause of action for contest of the decedent's purported will. It chose to assert its cause of action by commencing this suit. Masonic Home entered the case by filing an answer which was silent as to its own cause of action. It chose alignment in the suit as a defendant, or perhaps as a neutral, rather than as a contestant. When Shriners then withdrew its

suit, Masonic Home moved to be permitted to assert the cause of action possessed by Shriners. We hold that even a liberal interpretation of section 46 of the Civil Practice Act does not permit such realignment in this case.

Illinois law has traditionally favored the early settlement of estates. Allowing such a realignment would work against early settlement of estates by permitting the filing of a will contest months, or conceivably years, after expiration of the limitation period provided in the statute.

Subsection 1 of section 46 of the Civil Practice Act permits amendment of pleadings to "enable the plaintiff to sustain the claim for which it was intended to be brought or the defendant to make a defense or assert a cross demand." (Ill. Rev. Stat. 1979, ch. 110, par. 46.) Since the cross-demand of the Masonic Home was its cause of action for contest of the purported will, that demand had been barred by the 6-months' limitation statute. The cross-demand Masonic Home sought to assert by its untimely counterclaim was the cause of action of Shriners. We think, therefore, that section 46 would not permit the filing of the counterclaim by Masonic Home.

In the substantive law of will contests is the case of *McCreery v. Bartholf* (1922), 305 Ill. 325, 137 N.E. 242, which we find to be controlling. In that case decedent died leaving three uncles as his only heirs at law. One uncle filed a will contest within the statutory period. After expiration of that period another uncle sought leave to be realigned as a co-complainant. When that was denied he filed an answer admitting all the allegations in the petition to contest the will. However, later in the proceedings the uncle who brought the petition was granted leave to withdraw it with prejudice. On appeal the supreme court affirmed, holding that since the second uncle had failed to act within the statutory period the trial court properly denied his motion to be made co-complainant.

The substantive teaching of *McCreery* is apparent, and even though procedural law has changed greatly since 1922, it has had no effect on the substantive law of will contests. Part of that substantive law as developed in *McCreery* is that a party seeking to contest a will is required to assert its own claim within the statutory period in order to vest the court with jurisdiction. Masonic Home could have done this either by filing its own petition or by filing its counterclaim to Shriners' petition within the statutory period. Since Masonic Home failed to do this, its claim was not timely and the trial court acted properly. We therefore affirm.

Affirmed.

KASSERMAN, P. J., and KARNS, J., concur.