ANTHONY FORYS *et al.*, Plaintiffs-Appellants, *v.* LAWRENCE BARTNICKI, Indiv. and as Ex'r of the Last Will of Eva Filipski, Deceased, Defendant-Appellant.—(BENEDICT RYTERSKI *et al.*, Defendants-Appellees.)

Fifth District    No. 81-580

Opinion filed May 26, 1982.

John J. Kurowski, of Gomric and Kurowski, P. C., of Belleville, for appellant Anthony Forys.

Carl Kohnen and Richard Wier, both of Florissant, Missouri, for appellant Leo Lazarz.

Clarence DeMoss, of Hohlt, House, DeMoss & Johnson, of Nashville, for appellant Lawrence Bartnicki.

Stephen C. Busser, of Columbia, for appellees.

JUSTICE JONES delivered the opinion of the court:

This appeal stems from a will contest proceeding brought by two of decedent Eva Filipski's heirs to challenge the validity of her will. After the jury had returned its verdict invalidating the will and judgment had been entered thereon, but while a post-trial motion was pending, plaintiffs filed a motion to dismiss the proceeding, alleging that plaintiffs' suit to set aside the will had been settled. Dismissal had been stipulated to by the defendant who, as executor and beneficiary under the will, had actually litigated the case but not by the noncontesting heirs who had been joined as parties-defendants pursuant to statute. Following a hearing the trial court denied plaintiffs' motion, finding that the decedent's heirs who had not joined as plaintiffs in the will contest suit had acquired an interest in her estate by virtue of the judgment setting aside the will. The court held that the judgment precluded plaintiffs from dismissing the cause without the consent of the nonplaintiff heirs.

■■ We granted leave to appeal from this interlocutory order pursuant to Supreme Court Rule 308 (73 Ill. 2d R. 308). The question before us, as

certified by the trial judge, is "whether the non-contesting heirs to the will contest have any interest after the jury verdict, but while 'a post-trial motion is pending, in the disposition of a proposed stipulated settlement between the contesting heirs and the [litigating defendant], where said non-contesting heirs failed to file a will contest within the statutory period." We find that the noncontesting heirs have no interest in the disposition of the proposed settlement and, accordingly, reverse the trial court's order denying plaintiffs' motion to dismiss the will contest suit.

Eva Filipski died testate on May 23, 1979. Her purported will named her nephew, Lawrence Bartnicki, as executor and sole beneficiary. At the time of her death Eva Filipski had two surviving sistors, Mary Forys and Theresa Frost. She was predeceased by a brother, Alec Bartnicki, who left one son, Lawrence Bartnicki, the beneficiary of the will, and three daughters. Another sister, Sophia Ryterski, had predeceased her leaving a son, Benedict Ryterski, and two daughters, Pauline Stanczyk and Margie Hankins.

On June 26, 1979, the decedent's will was admitted to probate in Washington County. On August 9, 1979, Mary Forys filed a petition to contest the will and, on August 15, 1979, Theresa Frost also commenced a separate will contest action. The cases were consolidated on motion of the court. None of the remaining Bartnicki or Ryterski heirs filed a will contest action within the six-month statutory period. These heirs were named as parties-defendants in both will contest proceedings as required by statute (see Ill. Rev. Stat. 1979, ch. 110½, par. 8—1(a)), and each was served with summons. Other than Lawrence Bartnicki, who filed an answer to both pleadings individually and as executor of the will, the noncontesting heirs did not appear or file responsive pleadings.

Following a six-day trial in April 1981, the jury returned its verdict in favor of the plaintiffs, finding that the document in question was not the valid last will and testament of Eva Filipski, and the court entered judgment on the verdict. Post-trial motions were filed by defendant Lawrence Bartnicki. While these motions were pending, the litigants orally informed the court that a settlement had been reached with regard to the claims of the respective plaintiffs and defendant Lawrence Bartnicki in the will contest case. The court requested that notice be given to the Ryterski heirs, and a hearing was scheduled for August 7, 1981.

The Ryterski heirs appeared with counsel on that date, and the court heard arguments on the issue of whether the cause could be settled to the exclusion of the noncontesting heirs. On September 3, 1981, plaintiffs filed their written motion to dismiss with attached affidavits. The court entered an order denying plaintiffs' motion on October 2, 1979, in which it found that the Ryterski heirs and the remaining Bartnicki heirs had lost their right to contest the will upon the expiration of the statutory period

for filing a contest but that they had acquired an interest in the estate of Eva Filipski by virtue of the verdict and judgment setting aside the will. The court found that dismissal as requested by plaintiffs would prejudice the interest of the noncontesting heirs as the proposed settlement agreement made no provision for these heirs. The court further found that no stipulation for dismissal had been filed by the noncontesting heirs and that plaintiffs did not have an absolute right to dismiss the cause under section 52(1) of the Civil Practice Act. (Ill. Rev. Stat. 1979, ch. 110, par. 52(1).) The court thereafter certified its ruling under Supreme Court Rule 308, and this court granted the joint application of plaintiffs and defendant Lawrence Bartnicki to appeal from that order.

The issue framed by the trial court for our consideration appears to be one of first impression insofar as it concerns the rights and interests of noncontesting heirs as parties-defendant to a will contest proceeding.

The right to institute a will contest action is provided by statute (Ill. Rev. Stat. 1979, ch. 110½, par. 8—1). In an imperfectly analogous situation, it has been held that one who fails to assert his own claim within the statutory period forfeits his right to participate as plaintiff in a suit instituted by another, even though the original plaintiff seeks to dismiss his action after the statutory period for filing a contest has elapsed. (*McCreery v. Bartholf* (1922), 305 Ill. 325, 137 N.E. 242; *Shriners Hospital for Crippled Children v. First National Bank* (1981), 101 Ill. App. 3d 626, 428 N.E.2d 751.) In the instant case, however, the noncontesting heirs assert no right to begin a new will contest action or to continue the action as plaintiffs. Rather, they contend that they have the legal right as parties-defendants to the proceeding to refuse to consent to dismissal of the action by the plaintiffs. Their claim is premised upon the voluntary dismissal provision of the Civil Practice Act, which requires a stipulation by the defendant when dismissal is sought after trial or hearing begins. (See Ill. Rev. Stat. 1979, ch. 110, par. 52(1).) Our analysis of the statute and the substantive law of will contests leads us to conclude, however, that this procedural rule should not be invoked to preclude dismissal by plaintiffs in the case at bar.

The statute governing will contests requires the joinder of all heirs of the decedent as parties to the proceeding (Ill. Rev. Stat. 1979, ch. 110½, par. 8—1(a)) and thus makes them necessary parties whose presence is required to enable the court to make a complete decree binding on all who may be interested in the subject matter of the litigation. (6 James, Illinois Probate Law & Practice sec. 1603, at 581 (1952); *Krunfus v. Winkelhake* (1963), 44 Ill. App. 2d 124, 194 N.E.2d 24; *McCreery*.) The statute, however, makes no distinction as to the place of the necessary parties in the litigation, and such heirs are made defendants only because they choose not to join as plaintiffs in the suit. If one of two heirs

successfully contests a will by a suit in which he names the other as defendant, they will share in the benefits as if both had been plaintiffs. The noncontestant's actual alignment of interest, then, is with the plaintiff, and such nonplaintiff parties could be more properly characterized as "neutrals" or as nominal defendants. (See *Shriners Hospital.*) This characterization is further borne out by the fact that these defendants are not required to actually defend the will, as this is the duty of the executor (Ill. Rev. Stat. 1979, ch. 110½, par. 8—1(e)), and the further fact they are not subject to default for failure to appear or file a responsive pleading. See *Merrick v. Continental Illinois National Bank & Trust Co.* (1973), 10 Ill. App. 3d 104, 293 N.E.2d 767.

The substantive law of will contests likewise treats noncontesting heirs as neutral parties whose interests are contingent on the plaintiff's actions in litigating the suit. Those contesting the will as plaintiffs have the right to control the cause even though dismissal of their action may adversely affect the interests of noncontesting heirs. (*McCreery; Shriners Hospital.*) In an early decision relied upon by the *McCreery* court, *In re Will of Storey* (1887), 120 Ill. 244, 11 N.E. 209, the supreme court discussed this principle in the context of two separate appeals taken from an order denying probate of a will. One of the contestants, Mrs. Storey, dismissed her *de novo* appeal to the circuit court prior to trial but thereafter appeared in the cause and, over the objection of the remaining appellant, Mrs. Farrand, conducted the *de novo* trial as executrix of the will. As the trial was drawing to a close and after the evidence had been taken, Mrs. Farrand moved to dismiss her appeal, and the trial court denied her motion. The supreme court reversed, holding that the dismissal should have been granted and that it was error to allow Mrs. Storey to assume control of the other's appeal after she had dismissed her own appeal. The supreme court stated that it would be unjust to take from a party, "through whose affirmative action, and upon whose sole pecuniary responsibility, an appeal had been perfected, all control of such appeal * * *, and give it to one who had voluntarily dismissed herself as an appellant in the same matter." (120 Ill. 244, 257, 11 N.E. 209, 216.) To the argument that Mrs. Farrand ought not to have been permitted to withdraw her appeal after Mrs. Storey had appeared and produced evidence establishing the will, as this would forever defeat the probate of the will, the court responded:

> "If such would be the legal [consequence], it does not lie in the mouth of Mrs. Storey to complain. The law gave her the undoubted right to appeal from the decision and judgment of the probate court denying probate of this will, in the probate of which she had obviously so large a pecuniary interest, and this right she understood and exercised; and the same law gave her the undoubted

right to dismiss her appeal, and thereby, so far as she was concerned, leave in full force the judgment of the probate court, and this right she also understood and exercised; and if it be true that by dismissing her appeal she has put it in the power of Mrs. Farrand to exercise the same right under the law of dismissing *her* appeal, although the consequences stated may follow, we are unable to perceive upon what principle this court, whose only province it is to declare the law, can be asked to declare one rule for Mrs. Storey and another for Mrs. Farrand, in the same cause and in respect of the same subject matter." 120 Ill. 244, 259-60, 11 N.E. 209, 217.

In *McCreery v. Bartholf*, the court applied the *Storey* rule to hold that one contesting a will had the right to dismiss his petition even though the statutory period for filing a contest had elapsed and, as a consequence, another heir, who had been joined as a defendant to the proceeding but who had not filed his own contest, was precluded from continuing the cause on his own behalf. The court stated that the noncontesting heir had forfeited his equal right to contest the will by failing to institute his own action and that he could not complain because the contesting party had done what he himself had a right to do.

Finally, in a recent decision by this court, *Shriners Hospital for Crippled Children v. First National Bank*, we relied upon the *McCreery* decision in refusing to allow a noncontesting party named as a defendant to the action to realign itself as a contestant of the will after the period for filing a contest had elapsed. "Such a realignment," we noted, "would have the effect of allowing one party to take advantage of another party's timely actions, even though each party originally had its own cause of action to contest the will and one party chose not to do so within the required time." 101 Ill. App. 3d 626, 629, 428 N.E.2d 751, 754.

Applying the substantive teaching of these decisions to the case at bar, we see that the Ryterski heirs, by failing to assert their own right to contest the will, have forfeited the right to control the cause instituted by the plaintiffs. Upon probate of the decedent's will the plaintiffs and the Ryterski heirs each had an equal right to contest the will. While plaintiffs acted upon their rights by instituting their respective will contest actions, the Ryterski heirs chose not to do so and now have no suit of their own because of the expiration of the statutory period for filing. (*McCreery*; *Shriners Hospital*.) They seek, however, to prevent dismissal of the plaintiffs' action after plaintiffs have settled and compromised their lawsuit. The effect of the Ryterski heirs' position, and of the trial court's order, is that plaintiffs would be compelled to continue litigating for the benefit of the noncontesting heirs and possibly to their own detriment. We find this to be untenable in light of the plaintiffs' substantive right to

control their own will contest actions and the corresponding waiver of this right by those not contesting the will. As the Ryterski heirs no longer have the right to continue and control the cause as plaintiffs, they may not accomplish indirectly what they are precluded from doing directly.

Although the Ryterski heirs contend that section 52(1) of the Civil Practice Act gives them the right, as defendants, to bar dismissal by the plaintiffs, this provision is inapplicable to require consent for dismissal by the noncontesting heirs in this case. As noted above, such heirs are only nominal defendants whose interests are aligned with the plaintiffs' but who are named as defendants when they fail to assert their own right to contest the will. The purpose behind section 52(1) is to prevent voluntary dismissal of an action where it would be unfair or unjust to the defendant. (*Juen v. Juen* (1973), 12 Ill. App. 3d 284, 297 N.E.2d 633.) Once trial begins and the defendant appears to defend his interest, he is entitled to a decree based upon the evidence, and dismissal without his consent would be unjust. (See *Central Ice Cream Co. v. Goldenrod Ice Cream Co.* (1958), 18 Ill. App. 2d 7, 151 N.E.2d 466.) In the instant case, however, the noncontesting heirs took no part in the case and indeed had no interest as defendants in upholding the will. Thus, the rationale of section 52(1) does not apply in this situation, and the Ryterski heirs, who are essentially neutral parties to the proceeding, cannot be said to have acquired any rights under section 52(1) when they were named as defendants to the action.

■■ In light of this holding, we find that plaintiffs complied with the requirements of section 52(1) when they obtained the consent of Lawrence Bartnicki, the actual litigating defendant, to dismissal of their action. It is the rule in Illinois that a court must give effect to a settlement agreement which has been properly entered into and which will not prejudice the rights of the parties to the action. (*Miller v. Miller* (1928), 332 Ill. 177, 163 N.E.2d 343; *Turnbull v. Porter* (1964), 55 Ill. App. 2d 374, 206 N.E.2d 97; see 27 C.J.S. *Dismissal & Nonsuit* secs. 9, 11 (1959).) The trial court in the case at bar denied dismissal by the plaintiffs because it found that the noncontesting heirs had acquired an interest in the decedent's estate which would be prejudiced by dismissal pursuant to a settlement agreement that made no provision for them. This interest, however, is purely fortuitous and is contingent upon plaintiffs prosecuting the case to final judgment and prevailing upon appeal. Since the noncontesting heirs have no right or interest in the judgment at this point, they would not be prejudiced by dismissal as requested by the plaintiffs.

In arguing that they have the right to share in the pecuniary benefits of the jury verdict, the Ryterski heirs treat the case as though it were concluded and the interests fixed. To the contrary, at the time plaintiffs moved for dismissal, defendant Lawrence Bartnicki had filed a lengthy

post-trial motion as well as an ancillary motion to examine the jury. Plaintiffs, who conducted the litigation and knew the evidence and the law of the case, were able to assess their chances of prevailing upon these motions as well as upon a prospective appeal and retrial if such should occur. While the contesting heirs have the right as plaintiffs to compromise their suit rather than continue litigating to their possible detriment, the noncontesting heirs at this point have no vested interest, no right of property, and no stance as contestants of the will. Dismissal of the action will thus deprive them only of a possible future interest in decedent's estate—an interest which is not entitled to protection by the court.

■■ Because in a will contest situation any interested party has the right to bring his own action to contest the will, those who institute such an action sue in their own individual capacity rather than as representatives of a class. Plaintiffs, by filing a will contest, did not become obligated to assert the interests of those heirs who chose not to assert them on their own. Thus, this situation is unlike that of a class action where the members of the class acquire an interest upon entry of a judgment which is entitled to protection by the court. (See *Winger v. Chicago City Bank & Trust Co.* (1946), 392 Ill. 624, 65 N.E.2d 688.) The Ryterski heirs chose not to litigate and, at the end of the statutory period for filing a contest, they lost their right to contest the will. The proposed settlement agreement leaves them in no worse position than they were in as a result of their choice not to contest the will. Therefore, as the noncontesting heirs will suffer no prejudice by dismissal under the terms of the agreed settlement, the court should properly have dismissed the action as requested by the plaintiffs. We accordingly reverse and remand with directions to the trial court to grant plaintiffs' motion to dismiss the action.

Reversed and remanded.

KARNS, P. J., and WELCH, J., concur.