In re ESTATE OF MAUDE LACKEY HALL, Deceased (Cornel Benford et al., Plaintiffs-Appellees, v. Creamolia Dunlap et al., Defendants-Appellees (Georgia Counts Tucker et al., Intervenors-Appellants)).

First District (5th Division)   No. 1—90—2781

Opinion filed January 17, 1992.—Rehearing denied March 4, 1992.

Robert S. Minetz, of Cowan & Minetz, Chartered, of Chicago, for appellants Georgia Counts Tucker, Louise Benson, Cleophus Counts, Annie Counts McGowan, Celure Counts Robinson, Foster Counts, and Waverly Counts.

Morton John Barnard, of Gottlieb & Schwartz, of Chicago, for Creamolia Dunlap.

JUSTICE MURRAY delivered the opinion of the court:

Georgia Counts Tucker, Louise Benson, Cleophus Counts, Annie Counts McGowan, Celure Counts Robinson, Foster Counts and Waverly Counts appeal from orders entered by the trial court on July 26, 1990, and August 22, 1990. The July 26, 1990, order denied the appellants leave to file an appearance in the estate of Maude Lackey Hall, deceased. The August 22, 1990, order sustained a motion of Creamolia Dunlap, individually, and as executor of the will of Maude Lackey Hall, to strike and dismiss the amended petition of Georgia Counts Tucker for leave to intervene and a petition for leave to intervene filed by Torsey Counts. A confusion exists as to whether the appellants are intervenors or petitioners. Since there are two sets of counts involved in the case, we shall refer to the appellants, whether they be intervenors or petitioners (specifically, Georgia Counts Tucker, Louise Benson, Cleophus Counts, Annie Counts McGowan, Celure Counts Robinson, Foster Counts and Waverly Counts), as Georgia Counts Tucker et al.

The relevant facts of this case are as follows.

Maude Lackey Hall died on June 1, 1988. On the date of Ms. Hall's death, Creamolia Dunlap (Dunlap) filed a petition for probate of will and for letters testamentary for the estate of Maude Lackey Hall. In her petition Dunlap requested that a will dated November 15, 1987, be admitted to probate and letters testamentary be issued. The estimated value of the estate was $405,000. Dunlap had attached as exhibit A a list of the names and addresses of Mildred Spencer, Newlyn Benford and Cornel Benford as heirs and Ms. Dunlap as lega-

tee. The will gave decedent's entire estate to Dunlap and appointed her as executor.

The will was approved on June 9, 1988, and letters of office issued to Creamolia Dunlap as independent executor. On July 19, 1988, Cornel Benford filed a petition to require formal proof of will. In his petition, Mr. Benford alleged that the deceased executed two wills, one dated May 31, 1984, and one dated November 15, 1987.

On August 4, 1988, the trial court entered an order declaring that the only heirs of decedent were "Unknown Heirs." On August 9, 16, and 23, 1988, notice to "Unknown Heirs" was published in the Chicago Daily Law Bulletin, advising them of the time limitation for requiring formal proof of will and that a petition to contest the will could be filed within six months after June 9, 1988.

On October 20, 1988, the trial court confirmed its order admitting the will of November 15, 1987, to probate.

On November 14, 1988, Cornel Benford filed a supplementary proceeding contesting the validity of the November 15, 1987, will. Cornel Benford alleged that the deceased was under the undue influence of Creamolia Dunlap in that: (1) the deceased was of unsound mind and memory and depended upon Dunlap; (2) that Dunlap was in a confidential relationship to the deceased; and (3) that Dunlap procured the services of her attorney and arranged for witnesses to the will. Georgia Counts Tucker *et al.* were not given notice of this proceeding. On November 15, 1988, the trial court amended its order declaring heirship, stating, "[A]fter considering evidence concerning heirship, the court declares that the following are the only heirs of Maude Lackey Hall, deceased: 'Cornel Benford, [Address], Tanya Benford, [Address], Grady Benford, [Address], Myron Benford, [Address],' and other 'Unknown heirs.' " The order entered August 4, 1988, declaring heirship was vacated. The amended order was based on Cornel Benford's affidavit of heirship.

On December 6, 1988, Mildred Neal Spencer filed a petition to contest the will, with a jury demand. Notice of the filing was given to counsel for the executor and counsel for the Benfords. Summons were served on Torsey Counts and Essie Counts Wilson. Georgia Counts Tucker *et al.* were alleged to be "Address Unknown."

On December 21, 1988, an amended affidavit of heirship signed by Mildred Spencer was filed. Paragraph four of the amended affidavit states:

> "(4) Pearl Dewalt Counts had eleven children: Cleophus Counts, Celia [Celure] Marion Robinson, Anna Pearl McGowan, Foster Counts, Louise Benson, Torsey Counts, Georgia Tucker,

Tarrant Counts, Waverly Counts, Essie Wilson and John Edward Counts. John Edward Counts and Tarrant Counts died before the decedent. I do not know whether or not either of them left a child born to or adopted by him. The other children of Pearl are living."

An amended order was entered on December 21, 1988, declaring the following to be heirs of the decedent: Cornel Benford, Tanya Benford, Myron Benford, Mildred Spencer, Adam Neal, Jr., Richard Neal, Cleophus Counts, Celia Marion Robinson, Anna Pearl McGowan, Foster Counts, Louise Benson, Torsey Counts, Georgia Tucker, Waverly Counts, Essie Wilson, and "Unknown Heirs," if any, living. All prior orders declaring heirship were vacated.

On December 22, 1988, a petition to admit will as to omitted or unnotified persons was filed. Georgia Counts Tucker *et al.* were described in the latter petition as heirs with addresses unknown; the addresses of Torsey Counts and Essie Wilson were stated. On January 24, 1989, a certificate of publication was filed. The publication notices were filed in the Chicago Daily Law Bulletin. It is alleged that this publication is the only notice that Georgia Counts Tucker *et al.* received of the probate of Maude Lackey Hall's estate. This notice is at the center of the case and appeal.

On March 3, 1989, the two will contests were consolidated. On March 1, 1990, the inventory was filed. It stated that the appraised value of the decedent's real estate was $100,000 and the total value of the estate was $567,495.53.

The trial of the will contest cases commenced on June 12, 1990. A jury was selected and opening arguments were made. The jury heard the testimony of Dr. Robert Rose, a geriatric psychiatrist. After the testimony of a single witness, counsel advised the court that the will contest cases had been settled. Counsel advised the court that the terms of the settlement were as follows:

(1) Ms. Creamolia Dunlap would receive the real estate at 6751 South Crandon, Chicago, Illinois.

(2) Mildred Spencer and the Benfords, as a group, would each receive $135,000.

(3) After expenses and conveyance of the real estate, the balance of the estate would be divided in thirds equally among Ms. Dunlap, Ms. Spencer and the Benfords.

(4) Case to be dismissed with prejudice.

As of the date of this appeal, no dismissal order of the will contests has ever been entered and a division of the proceeds of the estate has never been made.

Georgia Counts Tucker *et al.* were not parties to the settlement. On July 19, 1990, Georgia Counts Tucker *et al.* filed their motion for leave to file an appearance. The motion for leave to appear was denied without prejudice on July 26, 1990.

On August 2, 1990, Torsey Counts and Essie Counts Wilson also filed a petition for leave to intervene. On August 3, 1990, Georgia Counts Tucker *et al.* filed their petition to intervene. On August 8, 1990, the executor filed objections to the petitions to intervene and moved to strike and dismiss the petitions. Georgia Counts Tucker *et al.* filed an amended petition to intervene on August 20, 1990.

On August 22, 1990, the trial court entered an order striking and dismissing the amended petition of Georgia Counts Tucker *et al.*, and of Torsey Counts and Essie Wilson.

Georgia Counts Tucker *et al.* argue the following on appeal:

(1) That the failure of Mildred Spencer and the Benfords to serve them with summons in their will contest proceedings as required by statute mandates the granting of their petition to intervene and the vacation of the settlement agreement;

(2) Service by publication violated their constitutional rights;

(3) Service by publication violated Illinois law;

(4) Their petitions to intervene should have been granted; and

(5) Georgia Counts Tucker *et al.* should have been granted discovery before any ruling on their intervention petition had been made.

■ The first issue in this case is a procedural one, *i.e.*, whether the notice by publication to Georgia Counts Tucker *et al.* complied with the provisions of the Illinois Probate Act of 1975 (Ill. Rev. Stat. 1989, ch. 110½, par. 1—1 *et seq.*).

Section 6—10 of the Probate Act provides in pertinent part:

"Not more than 14 days after entry of an order admitting or denying admission of a will to probate or appointing a representative, the representative or, if none, the petitioner must mail a copy of the petition to admit the will or for letters and a copy of the order showing the date of the entry to each of the testator's heirs and legatees whose names and post office addresses are stated in the petition. If the name or post office address of any heir or legatee is not stated in the petition, the representative or, if none, the petitioner must publish a notice once a week for 3 successive weeks, the first publication to be not more than 14 days after entry of the order, describing the order and the date of entry. The notice shall be published in a newspaper published in the county where the order was entered ***. *** The information mailed or published under this

Section must include an explanation, in form prescribed by rule of the Supreme Court of this State, of the rights of heirs and legatees to require formal proof of will under Section 6—21 and to contest the admission or denial of admission of the will to probate under Section 8—1 or 8—2. The petitioner or representative must file proof of mailing and publication, if publication is required with the clerk of the court." (Ill. Rev. Stat. 1989, ch. 110½, par. 6—10.)

Section 6—11 of the Probate Act provides:

"Omitted or unnotified heir or legatee. (a) If it appears after entry of an order admitting or denying admission of a will to probate that an heir or legatee was omitted from the petition to admit the will to probate or, if included in the petition, that notice to him was not mailed or published as provided in Section 6—10 or 6—20, whichever is applicable, and that no waiver of notice was filed by the omitted or unnotified heir or legatee, an amended petition shall be filed under Section 6—2 or 6—20 which shall include the omitted or unnotified heir or legatee." Ill. Rev. Stat. 1989, ch. 110½, par. 6—11(a).

■■ ■ The Illinois Code of Civil Procedure applies to all proceedings including probate proceedings. (Ill. Rev. Stat. 1989, ch. 110, par. 1—108; *In re Estate of Ariola* (1979), 69 Ill. App. 3d 158, 386 N.E.2d 862.) Georgia Counts Tucker *et al.* correctly state that in order to effectuate service by publication, the Illinois Code of Civil Procedure, section 2—206, requires the filing of:

"[A]n affidavit showing that the defendant resides or has gone out of this State, or on due inquiry cannot be found, or is concealed within this State, so that process cannot be served upon him or her, and stating the place of residence of the defendant, if known, or that upon diligent inquiry his or her place of residence cannot be ascertained ***." (Ill. Rev. Stat. 1989, ch. 110, par. 2—206.)

No affidavit was filed in this case. However, section 1—108(b) of the Code of Civil Procedure also provides:

"In proceedings in which the procedure is regulated by statutes other than those contained in this Act, such other statutes control to the extent to which they regulate procedure but Article II of this Act applies to matters of procedure not regulated by such other statutes." Ill. Rev. Stat. 1989, ch. 110, par. 1—108(b).

Section 6—10 of the Probate Act specifies the procedure required with regard to notice of the admission of a will to probate. Section

6—10 requires the petitioner, not the clerk of the court as required in 2—206 of the Code of Civil Procedure, to mail a copy of the petition to each of the testator's heirs and legatees and to publish notice if "the address of any heir or legatee is not stated in the petition." Nothing in section 6—10 requires the filing of an affidavit.

On December 22, 1988, a petition to admit the will to probate as to the omitted or unnotified heirs, under section 6—11, was filed by Dunlap. Notice was mailed to the Benfords, Torsey Counts and Essie Wilson at their respective addresses as stated in the petition. Since the addresses of Georgia Counts Tucker *et al.* and unknown heirs were not stated in the petition to admit the will, notice was published to them. Notice was published as to them on January 4, 11, and 18, 1989. The notice advised them of their right to demand formal proof of the will within 42 days after the filing of the petition to admit the will as to each of them and of their rights under section 8—1 of the Probate Act. Pursuant to section 6—11, the notice by publication to Georgia Counts Tucker *et al.* was proper regarding the admission of Ms. Hall's will to probate. The date of the publication notice also began the tolling of the six-month time period for Georgia Counts Tucker *et al.* to institute their own will contest action.

Georgia Counts Tucker *et al.* argue that the service by publication violated their constitutional rights. We disagree. The trial court found and we agree that the executor complied with the notice requirements of sections 6—10 and 6—11 of the Probate Act for the admission of the will to probate. Georgia Counts Tucker *et al.* also argue that the service by publication violated Illinois law. Georgia Counts Tucker *et al.* argue that section 2—206 of the Illinois Code of Civil Procedure applies to the Probate Act. For the reasons stated above, we find that section 2—206 of the Illinois Code of Civil Procedure does not apply to sections 6—10 and 6—11 of the Probate Act.

▄ Georgia Counts Tucker *et al.* argue that the addresses of the intervenors were readily obtainable by the executor. They maintain that a diligent inquiry would have revealed that Torsey Counts knew the addresses of her brothers and sisters (Georgia Counts Tucker *et al.*). The record discloses that on December 21, 1988, counsel for Creamolia Dunlap sent a letter to Torsey Counts giving notice of the admission of Ms. Hall's will to probate. The letter also requested that if Torsey Counts had the address of any person listed as an heir on the petition, she would send that information to counsel.

Georgia Counts Tucker *et al.* point out that all of the appellants except Louise Benson and Annie McGowan have lived at their addresses since at least June 1, 1988, and that Cleophus Counts has

lived in his home in Queens, New York, since 1957. However, nothing in the record, including the respective affidavits of Georgia Counts Tucker *et al.*, reveals any information which would impute that knowledge to the executor, Creamolia Dunlap. Accordingly, for all the reasons set forth above we find that the trial court properly found that notice of the admission of Ms. Hall's will to probate was proper pursuant to sections 6—10 and 6—11 of the Probate Act.

Cornel Benford, Mildred Spencer and Creamolia Dunlap appear to argue that because Dunlap complied with the notice requirements regarding the admission of a will to probate, the service requirements concerning a will contest have been met. We disagree, and for the following reasons, we reverse and remand the matter to the trial court for further proceedings.

■ Section 8—1 of the Probate Act provides in relevant part:

"8—1. Contest of admission of will to probate. (a) Within 6 months after the admission to probate of a domestic will in accordance with the provisions of Section 6—4, *** any interested person may file a petition in the proceeding for the administration of the testator's estate or, if no letters were issued, in the court in which the will was admitted to probate, to contest the validity of the will. The representative, if any, and all heirs and legatees of the testator must be made parties to the proceeding and the petition must state, if known, their names and post office addresses and whether any of them is a minor or disabled person. ***

(b) Upon [the] filing of the petition, process shall be issued, served and returned as in other civil cases." (Ill. Rev. Stat. 1989, ch. 110½, par. 8—1.)

Thus, in order to effectuate service in a will contest action, the rules set forth in the Illinois Code of Civil Procedure would apply. We note that this includes section 2—206, which specifies the requirements for service by publication. This includes the filing of:

"[A]n affidavit showing that the defendant resides or has gone out of this State, or on due inquiry cannot be found, or is concealed within this State, so that process cannot be served upon him or her, and stating the place of residence of the defendant, if known, or that upon diligent inquiry his or her place of residence cannot be ascertained ***." Ill. Rev. Stat. 1989, ch. 110, par. 2—206.

However, in the present case we need not address the issue of whether the type of service was appropriate because there was no no-

tice of any type given to Georgia Counts Tucker *et al.* of either the Benford will contest or the Spencer will contest.

The record discloses the following information regarding service in the respective will contest actions. Cornel Benford first filed a will contest on November 14, 1988. The attached service list included the following names: Tanya Benford, Grady Benford, Myron Benford, Mildred Spencer, and Creamolia Dunlap. On January 20, 1989, Cornel Benford filed an amended complaint listing Louise Benson, Cleophus Counts, Foster Counts, Torsey Counts, Waverly Counts, Anna Pearl McGowan, Celia (Celure) Marion Robinson, Georgia Tucker, Essie Wilson and other "Unknown Heirs" as persons who are or may be heirs. Notice of filing was sent to counsel for Creamolia Dunlap and to counsel for Mildred Spencer. On February 23, 1989, Cornel Benford, Grady Benford, Myron Benford and Tanya Benford filed their second amended complaint, listing Louise Benson, Cleophus Counts, Foster Counts, Torsey Counts, Waverly Counts, Anna Pearl McGowan, Celia (Celure) Marion Robinson, Georgia Tucker, Essie Wilson, Adam Neal, Jr., Richard Neal and other "Unknown Heirs" as persons who are or may be heirs. The following names were listed on the attached service list: James Gildea (counsel for Mildred Spencer), Morton John Barnard (counsel for Creamolia Dunlap), Torsey Counts, Adam Neal, Jr., Richard Neal and Essie Counts Wilson.

On December 6, 1988, Mildred Spencer filed a will contest. The will contest listed the following persons as persons who either are or claim to be heirs of the decedent: Cornel Benford, Grady Benford, Myron Benford, Tanya Benford, Louise Benson, Georgia Counts Tucker, Cleophus Counts, Foster Counts, Torsey Counts, Waverly Counts, Anna Pearl McGowan, Celia Marion Robinson, Essie Counts Wilson. The service list attached to her petition indicated that notice was sent to Lester Barclay (attorney for the Benfords), Morton John Barnard (counsel for Creamolia Dunlap), Torsey Counts, and Essie Counts Wilson. Summons issued on January 13, 1989, to Torsey Counts. Summons issued to Essie Counts Wilson on December 12, 1988. On January 20, 1989, Mildred Spencer filed her first amended petition to contest will; she listed Georgia Counts Tucker *et al.* as persons who are or claim to be heirs of the decedent. The service list included the following: Lester Barclay, Morton John Barnard, Torsey Counts, Adam Neal, Jr., Richard Neal, and Essie Counts Wilson.

Section 8—1 of the Probate Act requires the joinder of all heirs of the decedent as parties to the proceeding and thus makes them necessary parties whose presence is required to enable the court to make a complete decree binding on all who may be interested in the subject

matter of the litigation. (*Forys v. Bartnicki* (1982), 107 Ill. App. 3d 396, 399, 437 N.E.2d 706.) As their respective petitions disclosed, both Cornel Benford and Mildred Spencer were aware of the fact that Georgia Counts Tucker *et al.* were heirs of Maude Lackey Hall. Both Cornel Benford and Mildred Spencer had an obligation to serve Georgia Counts Tucker *et al.* with notice of their respective will contests pursuant to the Code of Civil Procedure; however, neither Cornel Benford nor Mildred Spencer gave notice of any type to Georgia Counts Tucker *et al.* of their respective pending will contest actions.

Dunlap argues that Georgia Counts Tucker *et al.* are in the same position as were the noncontesting heirs in *Forys v. Bartnicki* (1982), 107 Ill. App. 3d 396, 437 N.E.2d 706, where two heirs had timely filed a will contest. In *Forys* after a judgment had been entered setting aside the will, but while a post-trial motion was pending, the parties agreed to a settlement and plaintiffs filed a motion to dismiss the proceedings, stating that the suit to set aside the will had been settled. The dismissal was agreed to by the executor and beneficiary under the will, but was not agreed to by the noncontesting heirs, who had been joined as parties defendant but had not joined as parties plaintiffs or had instituted any action to contest the will within the period provided by section 8—1 of the Probate Act. The appellate court held that the noncontesting heirs, by failing to assert their own right to contest the will, had forfeited the right to control the cause instituted by the plaintiffs.

Although we agree with the reasoning in *Forys*, we find distinguishing facts in the present case. In *Forys* the noncontesting heirs were named as parties-defendants in both will contest proceedings as required by statute, and each was served with summons. (*Forys*, 107 Ill. App. 3d at 398.) The noncontesting heirs in *Forys* chose not to appear in the will contest actions, whereas in the present case Georgia Counts Tucker *et al.* were never served with the required notice of the will contest actions. Georgia Counts Tucker *et al.* did not choose not to appear in a will contest action wherein they had been served with notice; rather, they never appeared in an action for which they had never received the required notice of the proceedings.

■■ Georgia Counts Tucker *et al.* raise the issue that the petitions to intervene should not have been considered untimely by the trial court. We agree. Georgia Counts Tucker *et al.* were necessary parties to the will contest actions filed by Cornel Benford and Mildred Spencer. (Ill. Rev. Stat. 1989, ch. 110½, par. 8—1.) Benford and

Spencer failed to give the required notice and should not be allowed to profit from their failure to act.

On July 26, 1990, the trial court denied the motion of Georgia Counts Tucker *et al.* on the basis that no will contest was filed on behalf of Georgia Counts Tucker *et al.* within the six-month time period and that Georgia Counts Tucker *et al.* "received what appears to be proper notice under the Probate Act."

On August 22, 1990, a hearing was held on the petition to intervene of Georgia Counts Tucker *et al.* Georgia Counts Tucker *et al.* maintained that they never received proper notice of the admission of the will to probate or of the will contest actions. Counsel for Creamolia Dunlap argued that the parties were properly served with notice pursuant to section 6—11 of the Probate Act and that whether Georgia Counts Tucker *et al.* were served with notice under section 8—1 was irrelevant due to the fact that the will contest actions had been settled. As stated earlier in this opinion, we find that the notice pursuant to sections 6—10 and 6—11 of the Probate Act was proper. However, no notice was given to Georgia Counts Tucker *et al.* of the will contest actions. The trial judge did not consider the separate notice provisions under the two sections of the Probate Act.

The facts of the case disclose that the will contest actions were settled after trial had commenced. A jury had been impaneled and the testimony of one witness was heard. The single witness testified that he did not feel that Maude Lackey Hall was competent to make a will on November 15, 1987. Before the testimony of any other witnesses, the parties settled the will contests. There is no evidence of any attempt of service in either will contest action. Mildred Spencer, the Benfords and Creamolia Dunlap maintain that since Georgia Counts Tucker *et al.* appeared too late, they should not be allowed to take part in the cause of action. If Georgia Counts Tucker *et al.* had been served summons in the will contest actions and then failed to appear, Spencer, the Benfords and Dunlap would be correct; however, this court cannot reward these parties' failure to even attempt notice by upholding the settlement. On remand we direct the trial court to allow the petition to intervene of Georgia Counts Tucker *et al.* and to vacate the settlement agreement.

For the reasons set forth above, we affirm the trial court's finding that notice was proper under sections 6—10 and 6—11 of the Probate Act. We reverse the decision of the trial court denying the petition to intervene of Georgia Counts Tucker *et al.* and remand for further proceedings. We direct the trial court to allow the petition to intervene of Georgia Counts Tucker *et al.* and to vacate the settle-

ment agreement. In light of our holding above, we need not address appellant's argument regarding discovery.

Judgment affirmed in part and reversed and remanded in part with directions.

LORENZ and GORDON, JJ., concur.