(No. 18906.—

CARRIE P. MILLER *vs.* GEORGE T. MILLER.—(AUGUSTUS L. WILLIAMS *et al.* Plaintiffs in Error, *vs.* GEORGE T. MILLER *et al.* Defendants in Error.)

*Opinion filed October 25, 1928.*

A. L. WILLIAMS, (CHARLES A. WILLIAMS, of counsel,) for plaintiffs in error.

FRANKLIN A. DENISON, and CHAMPION J. WARING, (DENISON, WATKINS & WHITE, J. HAROLD MOSELY, and CALDWELL WATKINS, of counsel,) for defendants in error.

Mr. Justice Heard delivered the opinion of the court:

Carrie P. Miller filed her bill for divorce in the superior court of Cook county against George T. Miller, in which she alleged that they each owned an undivided half interest in certain real estate described in the bill. After an answer had been filed by Miller denying their marriage and alleging that complainant had a husband living from whom she had never been divorced, she amended her bill, abandoning the application for a divorce and praying for the cancellation of a deed and for a decree fixing their interests in the real estate and for partition thereof. An answer was filed by Miller, and the cause was referred to a master in chancery to take proofs and report the same, together with his findings. The master in chancery, after an extended hearing, found that the deed complainant sought to have canceled was a forgery and that the parties were each the owners of an undivided half interest in the real estate, and so reported. The report of the master was approved by the court and a decree for partition and appointing commissioners was entered. The commissioners reported that the premises were not divisible and they appraised the same at $10,000. No decree of sale is shown by the abstract. Thereafter the master in chancery filed a report that he had advertised the property for sale once in a "circular" newspaper, that in pursuance of the advertisement he had offered the premises for sale, and that Augustus L. Williams and Louise Williams (the former being the attorney of record for Carrie P. Miller) bid the sum of $7350, less encumbrances and taxes, and that as they were the highest and best bidders the premises were struck off to them, and recommended a deed to them in joint tenancy. Both complainant and defendant filed objections to the confirmation of the sale on the ground that the sale was made without notice to them, that the amount of the bid was inadequate, and that the actions of Williams in the premises were con-

trary to equity. While these objections were pending, complainant and defendant entered into a stipulation that the cause should be dismissed by leave of court at their costs, and they filed the same in the cause. Thereafter Louise Williams asked leave to file, and was allowed to file, an intervening petition praying that the motion to dismiss be denied. Augustus L. Williams also filed an intervening petition, in which he set up that prior to the filing of the original bill of complaint Carrie P. Miller entered into a contract with him, as follows:

"In consideration of A. L. Williams, representing me in a proceeding for divorce under a common law marriage against George T. Miller, there being property rights involved, it is agreed by and between me and the said A. L. Williams that his fees are to be equal to one-half of the property obtained, if any is obtained, out of said proceeding.                    CARRIE P. MILLER."

Each of the petitions set out the various steps taken in the cause. The prayer of the petition of Augustus L. Williams was that the master be required to execute a deed of conveyance to the bidders. Carrie P. and George T. Miller filed an answer to the petition, and also motions to dismiss the petitions on the ground that the same were without equity and instituted to prevent the dismissal of the cause on the stipulation of the parties, and that the petitions disclosed no substantial, legal or equitable right in the subject matter which would permit them to intervene. After a hearing the court entered a decree dismissing the intervening petitions of the Williams for want of equity and dismissing the cause on the stipulation of the parties. The Williams have brought the record to this court for review on writ of error.

A sale by a master in chancery is not, until confirmed by the court, a sale in a legal sense. The chancellor has a broad discretion in the approval or disapproval of the sale. The highest bidder whose bid has been returned to the court as the best offer acquires no interest in or a right to the land

and is a mere offerer to purchase. Confirmation is final consent, and the court, being in fact the vendor, may consent or not, in its discretion. (*Hart* v. *Birch*, 130 Ill. 426.) This discretion, unless abused, will not be interfered with by a court of review. *Worden* v. *Rayburn*, 313 Ill. 495.

It is contended by plaintiffs in error that the court had no power to set aside a decree entered at a former term and dismiss the cause on the stipulation. In *Humphreyville* v. *Culver, Page, Hoyne & Co.* 73 Ill. 485, it is said: "It is urged that the court below had no power at a subsequent term to set aside a judgment of the previous term. This is, no doubt, true where it is without the consent of the parties, but we presume no one would contest the proposition that the court may with the consent of both parties." Where the parties to a suit agree to dismiss the same, in the absence of all reasonable doubt as to the making of the agreement, it is the duty of the court to carry the same into effect and dismiss the suit. (*Toupin* v. *Gargnier*, 12 Ill. 79; *Coultas* v. *Green*, 43 id. 277; *Henchey* v. *City of Chicago*, 41 id. 136.) Notwithstanding the fact that a decree had been entered in the cause at a previous term the cause was still pending in the superior court of Cook county, and at the time of the filing of the stipulation in the cause the Millers were the only persons who had an interest in the real estate sought to be partitioned and were the only parties to the suit. Even though Augustus L. Williams had a lien upon Carrie P. Miller's share of the proceeds of the sale for his solicitor's fees, (upon which question we do not pass,) this would not debar the parties to the suit from entering into a binding stipulation to dismiss the suit. (*Chapman* v. *Shattuck*, 3 Gilm. 49.) In her objections to the confirmation of the sale, which were verified by her affidavit, Carrie P. Miller stated that Augustus L. Williams, as her solicitor, did not notify her that the real estate was up for sale and that she was not aware of the time and place of the sale until after the same was made; that Louise Wil-

liams is the stenographer of Augustus L. Williams; that the price bid for the real estate is totally inadequate, and that she would willingly have bid in the property at a price far in excess of the bid of Augustus L. Williams had she been notified. The court was fully justified in refusing to confirm the sale and dismissing the cause upon the stipulation of the parties.

*Decree affirmed.*