PER CURIAM.
Mortgage Corporation of America, hereinafter referred to as MCA, was the owner of certain property upon which it contracted with Inland Construction Company, hereinafter referred to as Inland, as a general contractor, to construct a four-story building. Inland subcontracted a portion of the work to DU-B, Inc. It, DU-B, had *991 in its employ one Yorndran, hereinafter referred to as the plaintiff. During construction, the plaintiff fell from the second-floor and became a paraplegic at the age of 24. The plaintiff sued MCA (as Inland and DU-B, Inc. were excluded because of the Workmen’s Compensation law) alleging negligent supervision and failure to control the construction of the building. MCA filed a third-party complaint for indemnification against Inland alleging, first that Inland installed a hoist in a dangerous condition, and was therefore actively negligent, and second, indemnity based on Inland’s contractual agreement. The plaintiff’s action against MCA proceeded to trial. After the close of the evidence, the court severed the third-party claim from the plaintiff’s claim, and MCA moved for a directed verdict on the main claim on the ground that the plaintiff failed to prove that MCA owed the plaintiff a duty to exercise reasonable care for his safety. The court reserved ruling and the main claim was submitted to the jury which returned with a five million dollar ($5,000,-000) damage verdict finding MCA 90% at fault and the plaintiff 10% at fault. After the verdict was announced, the court granted MCA’s directed verdict. The plaintiff then appealed to this court. The third-party claim was deferred until the plaintiff’s appeal was resolved. Inland and MCA cross-appealed. MCA settled with the plaintiff during the appellate process and the plaintiff dismissed his appeal. Inland’s appeal remained pending, but was remanded as being premature.
On remand, Inland renoticed its summary judgment motion on MCA’s indemnification claim against it. The trial court granted the motion on the basis that MCA was not entitled to indemnity because judgment had been entered in its favor on the plaintiff’s claim.[1] From this final summary judgment MCA now appeals.
On the state of the record lodged in this court we must affirm. The record reveals that the only issue remaining before the trial court when it ruled on the motion for summary judgment was whether or not the appellant was entitled to indemnification based on theory of vicarious liability.[2] Inasmuch as the appellant had been exonerated from liability to the original plaintiff by the trial court, which order has never been set aside, it cannot now seek indemnification for vicarious liability from the appellee herein. Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla.1979); Hoskins v. Midland Insurance Company, 395 So.2d 1159 (Fla. 3d DCA 1981); Walter Taft Bradshaw & Associates, P.A. v. Bedsole, 374 So.2d 644 (Fla. 4th DCA 1979).
Therefore, the order appealed herein is hereby affirmed.
Affirmed.

.THIS CAUSE came before the undersigned on the renewed motions for summary judgment filed by Third Party Defendants DU-B CORPORATION and INLAND CONSTRUCTION COMPANY. The Court has been advised that Defendant MORTGAGE CORPORATION OF AMERICA does not object to the entry of judgment in DU-B CORPORATION’S favor on the ground that a member insurer of the Florida Insurance Guaranty Association [FIGA] cannot seek indemnity from the insured of an insolvent insurer or FIGA. The Court heard argument of counsel on INLAND’S motion and is fully advised in the premises. Accordingly, it is hereby ORDERED AND ADJUDGED as follows;
1. The renewed motion for summary judgment filed by Third Party Defendant DU-B CORPORATION is granted. Final judgment is entered in favor of Third Party Defendant DU-B CORPORATION and against Defendant/Third Party Plaintiff MORTGAGE CORPORATION OF AMERICA and said Third Party Defendant shall go hence without day.
2. The renewed motion for summary judgment filed by Third Party Defendant INLAND CONSTRUCTION COMPANY is granted on the ground that a Defendant which has received a final judgment in its favor is not entitled to indemnity. In light of this ruling, it is not necessary for the Court to consider the alternative reasons advanced by INLAND in support of its motion. Final judgment is hereby entered in favor of Third Party Defendant INLAND CONSTRUCTION COMPANY and against Defendant/Third Party Plaintiff MORTGAGE CORPORATION OF AMERICA and said Third Party Defendant shall go hence without day.
3. The court reserves jurisdiction to tax costs upon the filing of appropriate motions by Third Party Defendants.

. By agreed order all other counts were dismissed.