463 So.2d 1196 (1985)
MORTGAGE CORPORATION OF AMERICA, Appellant,
v.
INLAND CONSTRUCTION COMPANY, Appellee.
No. 84-1229.
District Court of Appeal of Florida, Third District.
January 22, 1985.
Rehearing Denied March 13, 1985.
Adams, Ward, Hunter, Angones & Ward, Daniels & Hicks and Patrice A. Talisman, Miami, for appellant.
Greene & Cooper and Robyn Greene, Stephens, Lynn, Chernay & Klein, Miami, for appellee.
Before NESBITT, BASKIN and FERGUSON, JJ.
FERGUSON, Judge.
The central issue in this appeal is whether a trial court may refuse to grant a defendant's motion to vacate a final judgment, which vacation was agreed to by the parties pursuant to a settlement agreement, on the grounds that a severed third party defendant who received a summary judgment based on the original judgment might be adversely affected. We hold that it may not and reverse.
The facts leading up to this appeal are set forth in an earlier opinion of this court, Mortgage Corporation of America v. Inland Construction Co., 447 So.2d 990 (Fla. *1197 3d DCA 1984), which affirmed the trial court's entry of a final summary judgment in favor of appellee/third party defendant, Inland Construction Company (Inland), in a third party indemnification action by defendant Mortgage Corporation of America (MCA) against Inland. MCA settled a personal injury claim with the plaintiff after a final judgment had been entered in its favor in accordance with the trial court's directed verdict. The settlement was effected while the appeal from the judgment on a directed verdict was pending. Pursuant to that settlement MCA paid plaintiff $900,000 and the appeal was dismissed. The settlement agreement further provided:
3. That the final judgment heretofore entered in the Circuit Court in cause No. 73-22617(19) which bears date of June 27, 1980, should be set aside and vacated, and an order entered voluntarily dismissing [plaintiff's] claim against Mortgage Corporation of America and Travelers.
Following this court's affirmance of the summary judgment for Inland in the third party action, MCA filed in this court a motion to relinquish jurisdiction so that the trial court could vacate the final judgment in accordance with the settlement agreement. The motion was denied. After this court issued its mandate, MCA filed a motion in the trial court seeking to vacate the final judgment pursuant to Florida Rule of Civil Procedure 1.540(b). The court's order denying that motion is the subject of this appeal.
MCA contends that (1) the trial court erred in refusing to vacate the final judgment in its favor because both it and Inland consented to the vacation in a written settlement agreement, and (2) Inland has no right to object to vacation of the judgment because it is neither a party to the judgment nor a third party whose rights would be materially affected by it. Inland counters that (1) it has standing to oppose the vacation of the judgment because the judgment which was entered on plaintiff's claim against MCA has a res judicata effect on MCA's indemnity claim against Inland,[1] and (2) the motion to vacate was not filed within a reasonable time as required by Florida Rule of Civil Procedure 1.540(b), and as a result of that delay Inland would be prejudiced in preparing its defense if MCA were permitted to revive its barred indemnity claim. MCA replies that Inland's interest in the judgment is contingent upon MCA's success in both setting it aside and then reviving its now-barred third party claim which, at this time, are only possibilities. We agree.
We start with the established rule that where parties agree to dismiss a lawsuit between them, it is the duty of the court to give effect to that agreement. Miller v. Miller, 332 Ill. 177, 163 N.E. 343 (1928); Turnbull v. Porter, 55 Ill. App.2d 374, 206 N.E.2d 97 (1964). See also Lotspeich Co. v. Neogard Corp., 416 So.2d 1163 (Fla.3d DCA 1982) (settlement agreements are highly favored in the law and will be upheld by courts wherever possible).
In Miller the trial court entered a decree for partition of certain property and held that the parties, husband and wife, each owned an undivided half interest. Since the property was not divisible it was advertised for sale by the court. The property was offered to the highest bidders and the parties filed objections to any future confirmation of the sale by the court. While the objections were pending before the court, the parties entered into a stipulation *1198 to dismiss the action. The two bidders filed intervening petitions that the motion to dismiss be denied. One of the bidders alleged that he had a lien on the wife's share of the sale proceeds for his attorney's fees. The trial court dismissed the intervening petitions and also entered an order dismissing the action on the stipulation of the parties. The Supreme Court of Illinois affirmed, holding that the bidders could not prevent the parties to the suit from entering into a binding stipulation to dismiss the suit, and that it was the duty of the court to enforce the dismissal provision of the agreement.
In another Illinois case, Forys v. Bartnicki, 107 Ill. App.3d 396, 63 Ill.Dec. 57, 437 N.E.2d 706 (1982), the appellate court reversed the trial court and directed it to grant a motion to dismiss the action pursuant to a stipulation by the plaintiffs and the defendant-executor, despite objection to that dismissal by non-contesting heirs who were, by statute, necessary parties-defendants, even though they had only a possible future interest in the decedent's estate. Two of the decedent's heirs had brought the action to contest the will and the executor, who was also the sole beneficiary, was the primary defendant. The jury returned a verdict for the plaintiffs and the court accordingly entered a judgment setting aside the will. While a post-trial motion was pending, the plaintiffs filed a motion to dismiss the action pursuant to a stipulation of settlement entered into by the plaintiffs and the defendant-executor. The trial court denied the plaintiffs' motion finding that the non-contesting heirs had acquired an interest in the decedent's estate by virtue of the judgment setting aside the will, and that a dismissal not agreed to by those heirs would prejudice their interest. In reversing, the appellate court held that:
This interest [of the non-contesting heirs], however, is purely fortuitous and is contingent upon plaintiffs prosecuting the case to final judgment and prevailing upon appeal. Since the non-contesting heirs have no right or interest in the judgment at this point, they would not be prejudiced by dismissal as requested by the plaintiffs.
... Dismissal of the action will thus deprive them only of a possible future interest in decedent's estate  an interest which is not entitled to protection by the court.
... [The non-contesting heirs] chose not to litigate and, at the end of the statutory period for filing a contest, they lost their right to contest the will. The proposed settlement agreement leaves them in no worse position than they were in as a result of their choice not to contest the will.
63 Ill.Dec. at 62, 437 N.E.2d at 711.
Inland's claimed interest in judgment for MCA on plaintiff's claim is based on preserving the judgment, vacation of which will allow MCA to seek relief from the third party judgment which is predicated on the original judgment. Vacation of the original judgment will not per se affect any rights of Inland. Inland's rights would be affected by an attempt to set aside the third party judgment which, if successful, would permit institution of a new third party claim. Both of these events are only possibilities. For these reasons, Inland has no present right deserving of court protection, and thus no standing to contest the present action to set aside the judgment as between plaintiff and MCA.[2]
*1199 The motion to vacate the original judgment should have been granted.
Reversed and remanded for further proceedings.
NOTES
[1] Inland relies upon the Restatement (Second) of Judgments § 64 (1982) which provides:

§ 64. Standing to Seek Relief from a Judgment.
Relief from a judgment may be sought by or on behalf of a person only if the judgment is or purports to be binding on him under the rules of res judicata, or if he has an interest affected by the judgment as stated in § 76. Reliance on the above section is misplaced. Section 64 clearly applies to situations where a person is seeking to set aside a judgment which is binding on him or in which he has an interest. It has no application to the standing question presented in this case where a third person is not seeking relief from a judgment, but is instead opposing a party's action for relief on grounds that he has an interest in preserving that judgment.
[2] In a case with a significantly different posture we recently recognized the right of a third party defendant to appeal a judgment against the defendant third party plaintiff on the plaintiff's claim. Sheradsky v. Basadre, 452 So.2d 599 (Fla. 3d DCA 1984). A policy reason behind the decision was to give a third party defendant some protection against collusive judgments where liability would ultimately fall on the third party defendant. In Sheradsky, the third party defendant was at all times a party to the action. Second, the judgment against the defendant third party plaintiff was not appealed by the latter and would have become binding if the third party defendant were not permitted to challenge it by appellate review.

In this case the third party defendant was severed from the original action. Liability of the third party defendant could not be based solely on the settlement agreement between MCA and the plaintiff. Instead a separate trial on the third party claim is required, at which time the third party defendant could assert any defenses it could have asserted had the third party claim not been severed. The third party defendant could also defend on the grounds of prejudicial delay in reinstituting the third party claim, or fraud in entering into the settlement agreement.