MAKAR, J.,
concurring in dismissal.
Following full briefing and shortly before oral argument, the parties informed the panel that they had entered a settlement agreement in which they jointly agreed to dismiss this appeal and ask that the lower court’s order be vacated. In response to this Court’s inquiry about whether we should do so in light of U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994), the parties filed a joint response, containing no legal analysis, in which they said that under Bonner Mall “the appropriate disposition is the dismissal of the appeal, without an order vacating the trial court’s order.”
We need not dwell on the parties’ change of mind that dismissal without va-catur is now appropriate based upon their reading of Bonner Mall, which held that settlement vacatur is unavailable absent a showing of exceptional circumstances. Presumably the parties feel they can show no exceptional circumstances that would support vacatur in their case.
But it is worth recognizing that Bonner Mall was decided exclusively on federal procedural grounds; it does not bind Florida’s courts on the topic.[1] It has persuasive value for its reasoning. Yet no Florida court has expressly adopted Bonner Mall or its rigid approach to settlement vacatur.[2]
Indeed, the Florida Supreme Court at common law took an entirely different approach by routinely ordering that trial court orders be vacated on appeal pursuant to the parties’ stipulations. See Burgwin v. Stewart, 132 Fla. 899, 182 So. 297 *50 (1938) (citing Adams v. Galloway, 115 Fla. 166, 155 So. 96, 96 (1934)); Adams, 155 So. at 96. The accepted protocol was to adopt the parties’ stipulation and order that the “decrees and orders ... appealed from” be “severally vacated” as well as require the trial court to enter a final decree that conformed with and gave effect to the terms of the stipulation. Burgwin, 182 So. at 297; Adams, 155 So. at 96.
These precedents have not been overturned. In fact, modern day Florida precedents have generally followed suit when vacation of a trial court order is sought;[3] less so when the parties’ stipulation seeks vacatur of the appellate court’s own decision.[4]
Both former Supreme Court Rule 22 and current Rule of Appellate Procedure 9.350, address the dismissal process, but neither mentions the factors that should be considered when a court is asked to vacate its own handiwork or that of a lower tribunal. The Florida caselaw on the topic appears to consider various factors in deciding whether vacatur is appropriate including (1) the importance of promoting settlement of disputes by the parties; (2) the terms of the parties’ settlement and their effects; (3) how vacatur might affect third party rights or interests; and (4) the value of the decision sought to be vacated as precedent.[5]
Here, because the parties have abandoned their initial request for vacatur of the order below, we need not consider how these factors might apply in their case. Nor is it necessary to consider application of the settlement vacatur standard in Bonner Mall, though it is potentially an issue for study and recommendation by the appellate rules committee due to tensions between the federal standard and Florida caselaw on the topic.

. Some state courts have rejected Bonner Mall’s application. See Panterra Corp. v. Am. Dairy Queen, 908 S.W.2d 300, 300-01 (Tex. App.1995) ("[Bonner Mall] is not binding precedent because the issue decided was one of federal procedural law. As such, it does not apply to state courts’ application of state procedural law.”). Others have accepted it or read it as consistent with their respective state procedures. See Tyson Foods, Inc. v. Aetos Corp., 818 A.2d 145, 148 (Del.2003) (“The United States Supreme Court's discussion of the federal vacatur standard in Bonner Mall demonstrates the harmony with Delaware’s standard.”).

. Only this court has cited Bonner Mall, but that was to a quote (not relevant here) from that decision embedded in another case. See Garces v. Legarda, 86 So.3d 602, 607 (Fla. 1st DCA 2012) (vacating interlocutory order after children's father took a dismissal of the case he originally filed; "we follow accepted practice and vacate the order under review, in order to eliminate any possibility that the order might work to the advantage or disadvantage of the litigants some time in the future”).

. See Mortg. Corp. of Am. v. Inland Constr. Co., 463 So.2d 1196 (Fla. 3d DCA 1985) ("[T]he established rule [is] that where parties agree to dismiss a lawsuit between them, it is the duty of the court to give effect to that agreement”; reversing trial court, which had refused to vacate its final judgment).

. Phibro Res. Corp. v. Dep't of Envtl. Regulation, 579 So.2d 118 (Fla. 1st DCA 1991), dismissed, 592 So.2d 679 (Fla.1991) (refusing to withdraw opinion, in part, due to doctrine that Florida appellate courts have jurisdiction to decide important questions of law even if parties have settled their disputes).

.See generally Scott D. Makar, Vanishing Precedents: Settlements Vacatur on Appeal, 68 Fla. B.J. 18 (Nov.1994) (discussing topic and proposing revised appellate rule).